# CHARLESTON.

## GOFF *v.* MILLER.

Submitted January 9, 1896—Decided March 21, 1896.

NON-NEGOTIABLE INSTRUMENTS—ASSIGNEE OF NON-NEGOTIABLE NOTE.

The assignee of a note not negotiable can only recover from a remote assignor the consideration paid such assignor by his immediate assignee for such note.

SCHILLING & STARKEY for plaintiff in error, cited Code, c. 19, ss. 14, 15, 16; 4 Rob. Prac. (New) 422; 3 Munf. 550; 40 W. Va. 122; 5 Rand. 377; 2 Rob. Prac. (New) 274; 6 Leigh, 397; 2 H. & M. 536; 2. W. Va. 36.

J. W. C. ARMSTRONG for defendant in error, cited 1 Pars. Cont. 237; 10 N. Y. 60; 12 Am. Dec. 269; 41 W. Va. 27; 35 W. Va. 389; 34 W. Va. 155-6; 30 W. Va. 228; 37 W. Va. 666, syl. pts. 5, 6.

DENT, JUDGE:

Writ of error to the judgment of the Circuit Court of Roane county, rendered on the 5th day of April, 1894, in favor of H. F. Goff, plaintiff, against John C. Miller, defendant, for the sum of one hundred and eighteen dollars and sixty two cents, with interest and costs.

The facts are as follows, to wit: The defendant agreed to give his brother, Joseph Miller, a small tract of land, who gave the same to one Thomas J. Woods, and he erected a small building thereon for a shoemaker shop. Woods sold this property to Christopher Bilby for one hundred dollars, and had him execute his note payable to the defendant, in whom the legal title to the property still remained. He then had the defendant assign the note to him, paying no consideration therefor, but simply to show that defendant was to make the deed for the property. Woods then assigned the note to J. P. Short, who assigned it to plain-

tiff. Plaintiff assigned it to J. G. Schilling. Schilling not being able to make it off of Bilby because of his insolvency, recoursed it on the plaintiff.

Plaintiff thereupon instituted this suit to recover the amount paid by him from the defendant, and obtain the judgment aforesaid. Plaintiff further testified: "That some two or three months after he got the note of J. C. Short he saw the defendant at the mill, where he (said Goff) was around assessing, and that he told said defendant that he had the Bilby note, which was assigned by him, said defendant; that he (Goff) did not know much about Woods or Bilby, and that Short was not good; that he had traded for the note because the defendant's name was on it, and that he knew the defendant was good, and that defendant said he was not very good; that Bilby had property, and he expected Bilby to pay it, and that he (Goff) said he had traded for it because defendant's name was on it; that defendant did not claim to him that he was not to be responsible for said note, and that he (the plaintiff) had no notice of any contract between said Woods and said defendant; that the plaintiff had no notice that the defendant was not to be liable on said note, and the plaintiff had no notice that no consideration passed from said Woods to the defendant for his assignment of said note." The note was non-negotiable.

Defendant assigns the following errors, to wit: *First.* The complaint in said action is faulty because it does not aver a consideration for the assignment from the petitioner to T. J. Woods. 4 Rob. Prac. 422. Without such averment of consideration the complaint did not show any cause of action against the petitioner. *Second.* The court erred in refusing to exclude the plaintiff's evidence when he had rested, there being no evidence of any consideration for the assignment from the petitioner to said Woods. *Third.* It was error not to set aside the verdict of the jury, because the evidence clearly showed that there was no consideration from T. J. Woods to the petitioner for his assignment of the note, and the evidence also clearly showed that by the agreement between T. J. Woods and the petitioner there was to be no liability on the petitioner be-

cause of his assigning the note; and by Code, c. 99, s. 15, the petitioner was entitled to the benefit of the same defense against the plaintiff as he would have had against said T. J. Woods, and therefore the said verdict of the jury was without any evidence, and was contrary to the evidence in the case.

It is the settled law that a person who deals in non-negotiable paper acquires it subject to all equities in the maker and the right of recourse as against remote assignors, subject to the equities of such assignors. Nor is such person entitled to notice of such equities, but he deals in such paper at his peril. The law governing this case is plainly stated in 1 Tuck. Com. 336, 337, as follows, to wit: "In an action brought by an assignee against his assignor he is entitled to recover, not on the ground of the assignment, for the transferror of the bond is equally liable by the sale of the bond, even without assignment, but on the principle of natural justice that if a man buys of another that which afterwards turns out to have been worthless, he is bound to refund the price. The consideration having failed, he must pay back the money. Hence the assignor is never liable for more than the price the assignee gave for the bond, with interest, and the costs sustained in prosecuting the obligor. Hence, too, the assignee who sues the remote assignor can recover from him only so much as he has received from his immediate assignee." *Mackie* v. *Davis*, 2 Wash. (Va.) 219; *Whitworth* v. *Adams*, 5 Rand. (Va.) 377; *Drane* v. *Scholfield*, 6 Leigh, 397; *Thomas* v. *Linn*, 40 W. Va. 122 (20 S. E. 878).

The plaintiff is only entitled to recover from the defendant the consideration received by him from his immediate assignee, Woods, and therefore it was necessary for him to allege in his complaint the consideration for the assignment, and, failing to do so, the court should have rejected such complaint as insufficient. *Hall* v. *Smith*, 3 Munf. 550. The gist of the action was the consideration which passed from Woods to the defendant, and the burden of alleging such consideration was not only on the plaintiff, but also the burden of proving it. Without such proof he was not entitled to recover. The motion to exclude the plaintiff's

evidence, being the ground of the second assignment of error, was waived by the defendant proceeding with the trial, and introducing his own evidence after the motion was overruled. *Core* v. *Railroad Co.*, 38 W. Va. 456 (18 S. E. 596).

The verdict of the jury being contrary to the law, as above stated, and without allegation or evidence to support it, the judgment is reversed, the verdict set aside, and the case is remanded, with direction to the Circuit Court to sustain the motion to reject the plaintiff's complaint unless properly amended, and for further proceedings according to law.