# Wheeling.

The Board of Education of Union District Kanawha County *v.* Crawford.

Decided April 19, 1879:

1879
Special Term.

1. Where a circuit court upon a writ of error and *supersedeas* reverses the final judgment of the county court in an action at law, and retains the cause for a new or final trial in that court, the judgment of reversal of the circuit court is generally such a final judgment as is the subject of writ of error or *supersedeas* from the Supreme Court of Appeals, if the Supreme Court of Appeals otherwise has jurisdicton in the case.

2. A summons issued on the 27th day of November, 1877, in an action of unlawful detainer by a justice of the peace describes the premises in controversy as "one certain school-house and lot, situate in Kanawha county, and State of West Virginia, in the school-district of Union, and sub-division No. 15 of said school-district." Held. That the description of the premises in controversy is not sufficiently certain to meet the requirements of the law in such case.

3. Whether in such action the description in the summons be general or special it should generally be such, as that therefrom the locality of the premises in question may be ascertained, and the premises be identified with reasonable certainty.

Writ of error from a judgment of the circuit court of Kanawha county, rendered on the 13th day of June, 1878, in an action of unlawful detainer in said Court then pending, wherein the Board of Education of Union District of Kanawha county was plaintiff, and Henry Crawford was defendant, allowed on the petition of said Crawford.

1879
Special Term.

Board of Education of Union
District, Kanawha County
v.
Crawford.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the judgment complained of.

The facts fully appear in the opinion of the Court.

*E. W. Wilson*, for plaintiff in error, cited the following authorities :

Acts 1872–3, ch. 123, §§2, 9, 10, 13, 14, 15, 34 ; 25 Gratt. 463; *Id.* 467 ; *Id.* 938.

*C. C. Watts*, for defendant in error, cited the following :

1 W. Va. 14; 8 W. Va. 318 ; 9 Gratt. 235 ; Adams Eject. 341 ; 3 Cow. 291 ; 3 Rand. 462; 4 Rand. 408 ; on Acts 1872–3, p. 387, §9 ; 24 Gratt. 519 ; *Id.* 341 ; 25 Gratt. 786; 2 Munf. 179.

HAYMOND, JUDGE, delivered the opinion of the Court :

This is an action of unlawful detainer brought by the plaintiff against the defendant. The action was commenced before a justice of the peace of Charleston district in the county of Kanawha. · The summons in the cause is dated the 27th day of November, 1877, and summons the defendant, Henry Crawford, to appear before the justice at his office in the said district of Charleston, in said county, on the 4th day of December, 1877, at 10 o'clock A. M. to answer the complaint of the Board of Education of Union district of Kanawha county, in a civil action for unlawfully withholding from the said plaintiff "one certain school house and lot, situate in Kanawha county, and State of West Virginia, in the school district of Union, and sub-division number fifteen of said school district," in which plaintiff demands judgment for the recovery of of said school house and lot situated as aforesaid. The defendant appeared before the justice on the 4th day of December, 1877 ; and upon his application the cause was removed by the justice to the county court of Kanawha for trial under the 3d section of chapter 226 of the Acts of the Legislature of 1872–3.

1879
Special Term.

Board of Educa-
tion of Union
District, Kana-
wha County
v.
Crawford.

Afterwards at a county court held for said county of Kanawha, on the 21st day of December, 1877, the parties to the action appeared in court; and the defendant "moved the court to quash the summons in this cause," which motion the said court overruled; and the defendant thereupon pleaded not guilty to the action; and thereupon a jury was selected, impanelled and sworn the truth to speak upon the issue joined; and afterwards during the same term of the court the jury returned to the court their verdict in these words, "We, the jury, find that the defendant within three years from the date of of the institution of this suit and at the time of the institution thereof, did and does unlawfully withhold from the plaintiff the house and lot and premises in controversy, to-wit, one certain school house and lot, situated in school district number fifteen of the school district of Union, being the lot and house thereon which was conveyed by John Truslow and wife to The Board of Educatain of the school district of Union, by deed dated August 11, 1877. And thereupon the defendant moved the court to set aside the verdict of the jury and award him a new trial, which motion the court sustained and awarded a new trial, the costs of the trial to abide final decision of the cause; and the cause was continued.

Afterwards on the 27th day of February, 1877, at a county court held for said county, the parties appeared in court, by their attorneys, and on motion of the defedant leave was granted him to withdraw the plea of not guilty theretofore entered in the cause, to which the plaintiff objected, but the objection was overruled. And thereupon the defendant made and renewed his motion to quash the summons issued in this cause for defects apparent upon the face thereof, for uncertainty in the description of the property alleged to be withheld from plaintiff by defendant, &c.; which motion the court sustained and rendered judgment quashing said summons, and dismissing the action, and rendered judgment against the plaintiff and in favor of the defendant for the costs of suit.

1879
Special Term.

Board of Education of Union District, Kanawha County
v.
Crawford.

Afterwards the plaintiff, The Board of Education of said Union district, upon petition and assignment of error obtained from the judge of the circuit court of said county a writ of error and *supersedeas* to the said last named judgment. And afterwards, on the 13th day of June, 1878, the circuit court heard the cause upon said writ of error and *supersedeas* and was of opinion that there was error in the said judgment, and that there was "no defect apparent on the face of the summons in the cause, and that the county court erred in sustaining the motion to quash the same," and rendered judgment that the said judgment of the county court "be vacated, reversed and set aside and that a new trial be awarded" in the cause, and the "appellant" in that court recover from the appellee its costs about the prosecuting of said writ of error and *supersedeas*. And the said circuit court ordered that the case be retained in that court to be tried and determined. To this judgment of the circuit court the defendant (Crawford) upon his petition and assignment of error therein obtained from one of the judges of this court in vacation a writ of error and *supersedeas*.

It is assigned as error in the said judgment of the circuit court, and has been argued before us, that the court erred in reversing the judgment of the county court, quashing the original summons issued in the cause, because the summons does not sufficiently describe the premises in the summons mentioned. The first question to be determined by this Court is : whether the judgment of the circuit court, reversing and setting aside the judgment of the county court quashing the original summons in the case and dismissing it, and retaining the cause in the circuit court for trial and determination is a judgment of such finality in its character, as that this Court has jurisdiction to review it upon writ of error or *supersedeas*. This question so far as I am advised has not heretofore been decided by this Court.

Syllabus 1.

100

1879
Special Term.

Board of Educa-
tion of Union
District, Kana-
wha County
v.
Crawford.

The judgment of the county court, which was reversed by the circuit court, certainly was a final judgment. It quashed the original summons, dismissed the cause and gave judgment against the plaintiff for costs. And the judgment of reversal by the circuit court was a final judgment in the cause, *quoad* the judgment of the county court, and brought the defendant into the circuit court to again defend the original cause upon its merits. It is true the cause was ordered to be retained in the circuit court for trial and determination thereof, which order was interlocutory in its nature, and before a trial was had in the circuit court, and a short time after the date of the judgment of reversal, the defendant applied for and obtained a writ of error and *supersedeas* to this Court to said judgment of the circuit court.

But we are not without authority upon this subject. In the case of *Brunbaugh* v. *Wissler's ex'r.*, 25 Gratt. 463, it was held by the Court of Appeals of Virginia, that "when a circuit court, upon appeal, reverses the final judgment of the county court and retains the cause for a new trial, the judgment of the circuit court is such a final judgment as is the subject of a writ of error." The same was held in the case of *Crawford* v. *The Valley Railroad Company,* same report 467. And in the case of *The Commonwealth* v. *Lewis & Diviney,* it was held, that where "on a trial for a misdemeanor in a county court there is a verdict and judgment against the defendant, and the case is taken to the circuit court, where the judgment is reversed and the cause retained for a new trial, there may be a writ of error to the Court of Appeals from the judgment of the circuit court."

I think upon the authorities above cited that the said judgment of the circuit court, is such a final judgment as this Court has authority and jurisdiction to review upon writ of error and *supersedeas*.

The next quetion to be considered is: Is the des-

cription of the premises in the original summons in the case, in conformity with the requirements of the law? As this question, or questions similar, frequently arise, I regard it as proper as well as profitable to review briefly the legislation of Virginia and West Virginia on this subject, and bearing thereon, as well as the common law in actions of ejectment.

1879
Special Term.

Board of Educa-
tion of Union
District, Kana-
wha County
v.
Crawford.

With respect to the manner in which the disputed premises should be described in an ejectment no determinate rule exists by common law; nor is it easy to discover from the adjudged cases, any principle which can guide us on the subject. It is very frequently said in general terms, that the description shall be *sufficiently certain*; but the degree of certainty required, particularly in the more ancient cases, seems to depend upon caprice rather than principle. In the earlier stages of the remedy when ejectments were compared to real actions, and arguments were drawn from analogy with them, a practice obtained until after the reign of James I. of requiring much greater certainty than is now necessary; and it appears that when the action was first invented, as much certainty was requisite as in a *precipe quod reddat*. The courts soon relaxed this severity, and allowed many descriptions to be sufficient in ejectment, which would have been held too uncertain in a *precipe*; as for instance, an ejectment for a hop-yard was held good; so also for an orchard, though in a *precipe* it should be demanded as a garden; yet not withstanding this alteration, it was considered an established principle, until within the last sixty years, that the description must be so certain as to enable the sheriff exactly to know, without any information from the lessor of the plaintiff of what to deliver possession. Amongst other salutary regulations, however, which the wisdom of modern times has introduced into this action, the abolition of the above mentioned maxim may be reckoned; and it is now the practice for the sheriff to deliver possession of the premises recovered, according to the directions of

1879
Special Term.

Board of Educa-
tion of Uuion
District, Kana-
wha County
v.
Crawford.

the plaintiff, who therein acts at his own peril. Adams on Ejectment, side pages 23, 24, and top pages 23, 24, 25 ; see also *Seward* v. *Jackson, ex dem. Van Wyck* (in error) 8 Cow. 427 ; *Bindem* v. *Sindercombe*, 2 Raym. 1470.

Mr. Adams·further says : " Few cases are to be found in the modern books, wherein points respecting the certainty of description have arisen ; and the authority of the old cases is very doubtful." Again, at page 341 of Adams on Ejectment, it is laid down, " that the writ of possession is drawn up in general terms, commanding the sheriff to give to the plaintiff" the possession of the term of and in the premises recovered in the ejectment ; but without any specification of the lands whereof he is to make execution ; and as the description of the premises, in the demise in the declaration, is also too general to serve as a direction to the sheriff, it is the practice for the lessor of the plaintiff, at his own peril, to point out to the sheriff the premises whereof he is to give him possession ; and if the lessor take more than he has recovered in the action, the courts will interfere in a summary manner and compel him to make restitution. *Jackson &c.* v. *Stiles*, 5 Cow. 418 ; *Emerick* v. *Tavener*, 9 Gratt. 235 ; *Jackson* v. *Rathbone*, 3 Cow. 291.

In the case of *Camden et al.* v. *Haskill*, 3 Rand. 465, Judge Green says ; "In executing the writ of possession, the plaintiff acts at his peril ; and if he takes more than he has established his right to, the court will interfere in a summary way and compel him to make restitution." He cites *Saul* v. *Dawson*, 3 Wils. 49 ; *Cottingham* v. *King*, Burr. 623–630 ; *Conner* v. *West*, Burr. 1672.

Until the writ of right was abolished in Virginia, the law required the count upon the writ to be in this form or to this effect : "E, to-wit : A. B. by F. G., his attorney, demands against C. D. ——— tenement containing ——— acres of land, with the appurtenances, in the county of E, and *bounded* by," &c. And that "If several tenements be demanded in the same count, the contents,

1879
Special Term.

Board of Education of Union District, Kanawha County
v.
Crawford.

situations and boundaries of each shall be inserted therein." See 1st revised Code of 1819, chap. 118, §1, pp. 463, 464.

From what has preceded there is no doubt that the description of the premises required in Virginia in a count in a writ of right was, before the adoption of the Code of 1849 of that State, much more specific and definite than in the action of ejectment. Until the Code of 1849 of Virginia took effect in July, 1850, (as far as I am now advised) the law provided that the party turned out of possession, or held out of possession, might himself, or by any other person for him, exhibit his complaint before any justice of the peace for the county or corporation within which such lands or tenements may lie, "in the following or to the following effect, that is to say : —— county (or corporation of ——) to-wit : A B of said county (or corporation) complains, that C. D. hath unlawfully (or forcibly) turned him out of possession (or unlawfully and against his consent withholds from him the possession) of a certain tenement, containing by estimation —— of land, with appurtenances lying and being in the county (or corporation) aforesaid—whereof he prays restitution of the possession.

"A. B., <em>Plaintiff.</em>"

And this complaint was required to be verified by the oath or affirmation of the plaintiff or some other person for him. The law also provided that the justice, before whom such complaint was made, should thereupon issue his warrant to the following effect; and then proceeds to prescribe the form of the warrant : and the description prescribed in the warrant is : "of a certain tenement containing by estimation —— of land, with its appurtenances, lying and being in said county, (or corporation) and hath prayed restitution thereof," &c. See 1st Revised Code of 1819, chap. 115, §§4, 5 and 6, pp. 455, 456 ; Acts of Virginia Legislature of 1825-6, chap. 24, §5. The Revisors of the Civil Code of Vir-

1879
Special Term

Board of Educa-
tion of Union
District, Kana-
wha County
v.
Crawford.

ginia reported the 1st section of chap. 134, of the Code of Virginia of 1860, substantially though not fully as it appears therein at page 608. This section provides that the party against whom the possession is unlawfully detained may, within three years after such forcible or unlawful entry or such unlawful detainer, sue out of the clerk's office of the court of the county, or corporation, or the circuit court of the county in which the land or some part thereof may be, 'a summons against the defendant to answer the complaint of the plaintiff, that the defendant is in the possession, and unlawfully withholds from the plaintiff the premises in question (describing them)' and no other declaration shall be required."

Said chapter 124, was substituted for the proceeding theretofore provided in such case. The said revisors also reported chapter 135, which after having been amended in some respects was adopted by the Legislature substantially as it appears in the Code of Virginia of 1860, chapter 135. This chapter is exclusively of the action of ejectment. The said revisors in their report, reported §8, of said chapter 135 as follows: "The premises claimed shall be described in the declaration with convenient certainty, stating the location thereof, the names of the last occupants of lands adjoining the same, if any; or describing such premises by metes and bounds, and stating the natural boundaries thereof, if any, or in some other way, so that from such description possession of the said premises may be delivered." But the Legislature amended said §8 as reported, and adopted it as amended in these words: "8. The premises claimed shall be described in the declaration with convenient certainty, so that from such description possession thereof may be delivered."

This is the first legislation in Virginia, so far as I am informed, prescribing in relation to the description of the premises to be given in the declaration in an action of ejectment. But it must be remembered that the purpose and intent of chapter 135, was to abolish the writ

of right and also the old action of ejectment, and substitute in lieu thereof the action of ejectment therein provided, which combines all the material elements, purposes and effects of the writ of right, and the old action of ejectment.

1879
Special Term.

Board of Education of Union District, Kanawha County
v.
Crawford.

At the January term, 1864, of this Court the case of *Gorman* v. *Steed*, 1 W. Va. 1, was decided. That case was commenced and prosecuted under chapter 134 of the Code of 1860 of Virginia, and this Court held in that case that land described in the summons as "a certain tract or parcel of land lying and being in the county of Ritchie near Gorman's Tunnel, and containing about ten acres" is insufficiently described, in an action of unlawful detainer under the provisions of the 1st section of said chapter 134 of said Code of 1860, which was then in force in this State.

Judge Brown, who seems to have delivered the unanimous opinion of the court in that case at pages 14 and 15, says: "The most important principle involved in this case, is that raised by the motion to quash both the original and *alias* summons, for want of convenient certainty in the description of the land in controversy; and the same question is raised on the motion to set aside the verdict for the same cause. And as the verdict follows the description contained in the process, whatever may be said and considered in the one case, will equally apply to the other. Chap. 134, §1, of the Code of 1860, requires the premises to be *described* in the summons of unlawful entry or detainer; and chap. 135, §8, on ejectment, requires that the premises claimed shall be described with convenient certainty. Here, then, one chapter requires the premises to be *described*, and the other requires them to be described with *convenient certainty*. The different phraseology employed, does not indicate greater certainty of description in the one case, than in the other; for to describe a thing or place, and to describe it with convenient certainty, would seem to mean the same. The reason for description is apparant, and is as applicable in

1879
Special Term.

Board of Educa-
tion of Union
District, Kana-
wha County
v.
Crawford.

the one case as in the other. The reason assigned in chapter 135, section 8, is that "from such description, possession may be delivered." It is true that in chapter 134, no such reason is assigned; but it cannot be questioned that it equally exists, since the possession is in like manner to be delivered, and the description is the only safe guide to the officer in making it. But section 8 of chapter 135 has received interpretation by the Court of Appeals of Virginia in the case *Hichcox* v. *Rawson*, 14 Grat. 526. Tried by the rulings in that case, and views above stated, the description of the premises in the original and in the *alias* summons and also in the verdict was not sufficiently certain to put the defendant to a denial of the complaint, nor to furnish a safe guide to the officer in delivering possession. And for that cause both writs ought to have been quashed, and the verdict set aside."

This decision declares, as I understand it, that the description of the premises in a summons in unlawful entry and detainer must be as definite as in an action of ejectment. The case of *Hitchcox* v. *Rawson* was an action of ejectment, and was decided after the Code of 1849 of Virginia took effect. The case of *Allen* v. *Gibson*, 4 Rand. 408, was decided in 1826 under the sections of the Code of 1819, to which I have referred. In the case of *Emerick* v. *Tavner*, 9 Gratt. 235, the warrant was sued out on the 18th of January, 1848, and was decided in July, 1852; and anything said in that case as to the description of the premises which should be contained in the warrant, evidently refers to the law in force upon that subject at the time the warrant issued. No attempt or effort is made in that case to construe the meaning of the 1st section of chap. 134 of the Code of Virginia of 1849, relating to the description of the premises; and none was nesecsary, because that section was not involved in the case. The case of *Camden* v. *Haskill*, 3 Rand. 465, was an action of ejectment and was decided in 1825.

All the decisions in Virginia, to which we have been

referred, and which in fact bear on the question, and which I have mentioned in cases of unlawful entry and detainer and ejectment, were made prior to the 1st of July, 1850, and with reference to the laws as they existed at the time these cases arose, except the case of *Hichcox* v. *Rawson*, in 14 Gratt., and that was decided in 1858, and gives construction to the 8th section of said chap. 135. In the case of *The Supervisors* v. *Ellison*, 8 W. Va.; 318, the case of *Gorman* v. *Steed* is cited without disapproval, It is true, that in the last named case the summons in describing the lot did not state the county in which it was situated. This I understand would have been fatal ordinarily under the very broad and liberal laws contained in the Code of 1819 which have been cited herein. The Code of 1819 in effect prescribed what should be a sufficient description of lands ordinarily. That Code did not direct the premises to be described, but prescribed what should be a sufficient description of the premises ordinarily.

The first legislation had in this State in relation to the action of unlawful entry and detainer will be found in the Acts of 1864 of the Legislature of West Va, pages 13, 14. The 2d section of that act requires that the complaint made before the justice shall describe "the premises with reasonble certainty," &c. And the 3d section which directs the justice to issue a summons against the party complained of says : " To answer the action of the plaintiff for unlawfully holding possession of the premises, *describing them*," &c. This act was passed the 27th day of February, 1864, and is considered by this Court in the case of *Moore* v. *Douglass & Woodward*, *supra*, reference to which is here made.

The next legislation we had on this subject is contained in the Code of 1868 of this State in chapter 50, §§211, 212, 213, 214, 215, 216, 217 and 218; and chapter 89, secs. 1, 2, 3 and 4. The 212th section of chap. 50, authorizes an action of unlawful detainer to be brought before a justice, and provides that the summons

1879
Special Term.

Board of Education of Union District, Kanawha County .
v.
Crawford.

1879
Special Term.

Board of Education of Union District, Kanawha County
v.
Crawford.

in the case may be at the instance of the party against whom possession is unlawfully detained, to the defendant, to answer the action of the plaintiff for unlawfully withholding from the plaintiff the premises in question (describing them), and damages," &c. And the 1st section of chapter 89, which purports to provide the summary remedy of unlawful entry and detainer in the circuit court in speaking as to what description shall be given in the summons of the premises, says; "describing the same with convenient certainty," &c.

The next legislation I find upon this subject is contained in chapter 36 of the Acts of the Legislature of 1872–3, pages 83 and 84, which is entitled "An act to amend and re-enact sections 1 and 2 of chapter 89 of the Code, in relation to unlawful entry and [detainer," and passed February 19, 1873. The 1st section of this act speaking of the description of the premises to be given in the summons employs precisely the same language as is employed in section 1 of chapter 89 of the Code, to-wit: "describing the same with convenient certainty."

The next legislation upon the subject is contained in the Acts of the Legislature of 1872–3, in chapter 226, entitled "An act to reduce into one the laws defining the jurisdiction and duties of justices of the peace and constables," passed December 27, 1873, sections 3, 15, 34 and 117. The 15th section of said chap. 226, is the section under which I presume this action was commenced before the justice, and as before stated the 3d section, chap. 226, contains the provision under which this action was removed to the county court, and said 15th section in speaking of the description to be given in the summons of the premises in question employs precisely the same language employed upon that subject in section 212 of chapter 50 of the Code of 1868, before referred to, to-wit: "describing them."

The 90th chapter of the Code of 1868 of this State is of the action of ejectment, and is substantially the same in most respects, if not altogether, as chapter 135

of the Code of 1860; and the 8th section of said chapter declares that "The premises claimed shall be described with convenient certainty, so that from such description possession thereof may be delivered." A proper respect for the Legislature which passed the chapter of the Code of 1868 of this State, and the acts of the Legislature of 1872 to which I have referred, requires that I should presume, in the absence of anything appearing to the contrary, that said respective legislatures, or the lawyers thereof at least, had knowledge of the decision of this Court in the case of *Gorman* v. *Steed,* made in January, 1864, 1 W. Va. 1, 14, 15, in which the court expressly in its opinion as delivered and reported upon the question involved in the case at bar, held that requiring in the one chapter the premises to be *described* in the summons, and in the other requiring the premises to be *described with convenient* certainty mean the same thing; "that the different phraseology employed does not indicate greater certainty of description in the one case than in the other; for to describe a thing or place and to describe it with convenient certainty would seem to mean the same; "that the reason for description is apparent; and is as applicable in the one case as in the other;" that "the reason assigned in chapter 135, is that from such description, possession may be delivered."

The same technical precision should not be expected or required to be had in proceedings before a justice of the peace as in other courts of higher jurisdiction. While I do not think it would be proper to hold, that a summons issued by a justice of the peace in a case like this should in describing the premises in question be correct according to the strict technical requirements of the law, still I feel bound to hold that it should meet the the substantial requirements thereof. To do less than this would be equivalent to disregarding the law. I do not think that it is necessary to give a minute description of the land by metes and bounds. A mere general description will answer the requirements of the law. *Haw-*

1879
Special Term.

Board of Education of Union District, Kanawha County
v.
Crawford.

1879
Special Term.

Board of Education of Union District Kanawha County v. Crawford.

Syllabus 3.

ley v. *Tuyman, trustee,* 24 Gratt. 516 ; *Turberville* v. *Long,* 3 H. & M. 314. But in this kind of action whether the description in the summons be general or special it should generally as it seems to me, be such substantial description of the premises as that therefrom the locality of the premises in question may be ascertained and the premises be identified with reasonable certainty, having in view the delivery of the possession thereof from such description.

The 15th section of chapter 226 of the Acts of 1872-3, p. 659, provides that "if the finding of the justice be that the defendant unlawfully withholds the premises in controversy or any part thereof (describing the part) from the plaintiff, judgment shall be rendered in favor of the plaintiff, that he recover possession of the premises or of the part so described, and his costs." It appears to me manifest from this provision, that it is thereby contemplated that the premises in question shall be described with convenient certainty having reference to the delivery of possession thereof from such description, from the fact that it contemplates that if the justice finds that the defendant unlawfully withholds the premises described in the summons from the plaintiff, judgment shall be rendered in favor of the plaintiff that he recover possession of the premises described in the summons; but that if the justice finds that the defendant does not so withhold the whole of the premises described in the summons, but only a part thereof, he shall describe such part in his finding in favor of the plaintiff, and render judgment that he recover possession of the part so described. I think the description of the part which is required is intended to be such a description of such part of the premises in controversy, as the section contemplates shall be given in the summons.

Now allow me to ask, what is the object and purpose of requiring the justice to describe such part? Is or can it be for any other purpose than that possession may be given of such part from such description not per-

haps with absolute certainty, but reasonable certainty?
The same section further provides that "the jus-
tice, when required by the plaintiff, shall issue an
execution commanding the officer to whom it is directed
to deliver possession of the premises or such part
thereof to the plaintiff and remove the defendant and
his goods therefrom, &c." I do not mean to say that
the justice may not in his finding and judgment a give
more precise or better description of the premises in
controversy than is contained in the summons, as a jury
may in their verdict in an action of this description, or
in an action of ejectment.

As we have seen the ancient common law rule in eject-
ment required the description of the premises in the dec-
laration to be so certain, that the sheriff might know
from his execution, exactly of what to deliver possession;
and it seems that the relaxation of that rule opened the
way to numerous and vexatious applications to correct
the errors of the sheriff in delivering possession. Adams
on Ejectment 25, and note 1, *Seward* v. *Jackson, ex'1·
ex dem. Van Wyck,* (in error) 8 Cow. 427. I doubt if the
same precision of description ought to be required by law
in the description of the premises in controversy in un-
lawful entry and detainer as in our present action of eject-
ment, because in the present action of ejectment the
right of the parties to the property, as well as the right
to the possession thereof, may be tried and determined,
and in many cases the verdict and judgment is conclu-
sive upon the parties as to the right of property. Still
I am of the opinion under the decisions heretofore made
by this court, to which I have referred, that the sum-
mons in the action of unlawful entry ought generally to
contain a substantial description of the premises in ques-
tion, from which possession thereof may be given with
reasonable certainty and correctness. I think it is the
safest and best practice. It tends to prevent and shut
out vexatious confusion and litigation which a more
loose rule of practice would encourage and promote.

1879
Special Term.

Board of Educa-
tion of Union
District, Kana-
wha County
v.
Crawford.

1879
Special Term.

Board of Educa-
tion of Union
District, Kana-
wha County
v.
Crawford.

But it is argued in this case that under provisions of chapter 123, of the Acts of 1872-3, p. 382, and the 1st section and 13th section of chapter 77, of the Acts of 1877, in legal contemplation there is as a rule but one school house in a sub-district, and therefore the description of the premises in this case comes up to the requirements of the law. On examination of said last named acts, and especially of sections 2, 9, 10, 13, 14, 15, 20 and 34 of said Act of 1872-3, and the said chapter 77 and especially sections 1 and 13, thereof, I have been unable to satisfactorily arrive at such conclusion. The summons does not state that the school house and lot demanded therein is the only school house and lot in sub-division No. 15; and if such is the fact we can not judicially know it. As we have seen, the description of the premises in the summons in this action is: "One certain school house and lot, situate in Kanawha county, and State of West Virginia, in the school district of Union and sub-division No. 15, of said district." This description is so indefinite in its character as not to come up to the requirement of the law in such case under the views I have expaessed. It seems to me, that it cannot be said to be more definite than it would have been, if the premises in controversy had been described as "one certain meeting house and lot, situate in Kanawha county, and State of West Virginia, in the school district of Union, and sub-division No. 15 of said school district. But whether this is so or not, I regard the description of the property in controversy, as contained in the summons in this case, as being insufficient, and that the same should have been quashed by the county court and the action dismissed, as was done by the said county court, and that the circuit court erred in reversing and setting aside the said judgment of the said county court and ordering the cause to be retained in said circuit court for trial and determination.

A question has been made in the argument of the case

before us, whether as the county court overruled the motion to quash at the term when it was first made, it was not error in the county court to entertain a renewal of said motion after the plea of not guilty with leave of the court had been withdrawn, although the description of the premises in question in the summons was insufficient, whether such error was not sufficient to authorize the circuit court to reverse the said judgment of the county court.

The case of *The Baltimore & Ohio Railroad Co.*, v. *Morehead*, 5 W. Va. 298, is somewhat like this in the particulars under consideration. See opinion of Court delivered by Judge Moore, pages 298, 299. The judgment overruling the motion to quash, when first made, was interlocutory in its character, and I think the error of the court in its first judgment might properly have been considered by the circuit court upon writ of error and *supersedeas* to the final judgment of the county court rendered upon the renewed motion to quash, and if deemed necessary to have reversed the judgment overruling the motion to quash. Such course speeds the case, and saves unnecessary costs.

For the foregoing reasons, the judgment of the circuit court of the county of Kanawha, rendered in this cause on the 13th day of June, 1878, is erroneous and must be reversed; and the plaintiff in error recover against the defendant in error his costs about the prosecution of his writ of error and *supersedeas* in this cause in this Court. And this Court proceeding to render such judgment in this cause as the circuit court of the county of Kanawha should have rendered, it is considered that the *writ* of error and *supersedeas* heretofore granted and allowed in this cause be dismissed as having been improvidently allowed and that defendant in error, Henry Crawford, recover against the plaintiff in error, The Board of Education of Union District of Kanawha County, his costs about his defense of said writ of error

and *supersedeas* in the circuit court of Kanawha county expended.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.