# CHARLESTON.

SIMPKINS *v.* WHITE *et al.*

Submitted January 21, 1897—Decided March 17, 1897.

1. UNLAWFUL DETAINER—*Summons—Justice of the Peace.*
   Summons in unlawful detainer before a justice, *held* good. (p. 126.)

2. UNLAWFUL DETAINER—*Description of Premises.*
   Description of premises in unlawful detainer, *held* good. (p. 127.)

3. UNLAWFUL DETAINER—*Summons—Description of Premises.*
   Description of premises in summons in unlawful detainer before a justice shall describe the premises with convenient certainty, so as to enable the sheriff to deliver possession; but that description need not be so certain as in itself and alone to enable him to do so, as he may deliver as the plaintiff, or information from other sources, may direct, so he do not violate the description in the summons. If that description can be rendered certain by extrinsic evidence, it is sufficient. (p. 128.)

4. STARE DECISIS.
   Doctrine of *stare decisis* discussed. (p. 129.)

| 43 | 125 |
| 43 | 520 |
| 43 | 819 |
| 43 | 825 |
| 43 | 125 |
| 44 | 25 |
| 45 | 133 |
| 43 | 125 |
| f47 | 6 |
| 47 | 678 |
| 43 | 125 |
| 49 | 11 |
| 49 | 104 |
| 43 | 125 |
| 52 | 93 |
| 43 | 125 |
| 43 | 322 |
| 58 | 72 |
| 58 | 73 |
| 43 | 125 |
| 59 | 96 |
| 60 | 262 |
| 43 | 125 |
| 61 | 110 |
| 43 | 125 |
| 62 | 460 |
| 43 | 125 |
| f66 | 386 |

5. UNLAWFUL DETAINER—*Pleading—Verdict.*

   In unlawful detainer before a justice, or on its appeal, a verdict, on full trial on the merits, will not be set aside because there was no plea and issue. The statute puts in the plea of not guilty. (p. 130.)

6. VERDICT WITHOUT ISSUE.

   The rule that a verdict without issue is bad, questioned by BRANNON, JUDGE. (p. 129.)

Error to Circuit Court, Logan county.

Action by Joseph Simpkins against H. S. White and Cohn Caudle. Judgment for plaintiffs and defendants bring error.

*Affirmed.*

H. K. SHUMATE and BROWN, JACKSON & KNIGHT for plaintiffs in error.

CAMPBELL, HOLT AND CAMPBELL, for defendant in error.

BRANNON, JUDGE:

This was an action of unlawful detainer begun before a justice, and appealed to the Circuit Court, ending in a judgment for Simpkins against White and Caudle. One question is whether the summons was good against the motion to quash it. The defect is alleged to be in its omission of the words "unlawfully withholding." Code, 1891, c. 50, s. 212, says that the summons shall require the defendant "to answer the action of the plaintiff for unlawfully withholding from the plaintiff the premises." The present summons requires the defendants "to answer the complaint of Joseph Simpkins in a civil action for the recovery of the possession of real estate situated," *etc.*, and states that "the plaintiff will also claim one hundred dollars damages for the unlawful detention of said property." Even if we did not have the clause in section 26, chapter 50, that "no summons shall be quashed or set aside for any defect therein, if it be sufficient on its face to show what is intended thereby," I should have no halt in saying that this summons notifies the defendants that they are both charged with unlawfully withholding the premises. If not, why does it say that its object is recovery of possession? To recover by action is to obtain what is detained unlawfully,—that is, against the right of the party; to obtain what he has not,

and the other party has; and, when the summons says it is to recover possession, it fairly means to get actual possession from a defendant having it. But this is not all. It says damages will be claimed "for the unlawful detention of said property." Its plain meaning is that both defendants unlawfully withheld possession. No other construction would be anything but very technical. After writing the above, I find the case of *Postlewait* v. *Wise*, 17 W. Va. 1, holding good a declaration in ejectment omitting the allegation that the defendant unlawfully withholds from the plaintiff the possession of the premises, though, as here, the statute says it shall so aver. It pointedly meets this objection.

Another alleged defect is that the summons does not sufficiently describe the premises in saying that it is "real estate situated in Logan county, and bounded and designated as 10-acre lot lying near Beech creek bridge, bounded by Beech creek and Beech creek switch and land of P. A. Steel, it being the same property upon which the said Caudle now resides." This is relied on in the assignment of error, but is not insisted upon in the brief. It is an untenable objection. It is as certain a description as is practicable, unless every line be given. The sheriff could give possession of it. Here we have general and particular calls. We are directed to the neighborhood, and when there we have signs by which to find the particular land, because we have creek and adjoining land and quantity given, and are told who lives upon the land. It would have been good as an entry of waste land in times gone by. *McNeel* v. *Herold*, 11 Grat. 314. Less certainty is required in a grant, as Judge Lee there says, than in an entry. A declaration in ejectment or a summons in unlawful detainer need not contain more certainty of description than a deed conveying land. On first thought, we are inclined to say that such declaration must contain a description which will enable the sheriff, from that description alone, without other aid, to deliver possession to the plaintiff; but that is incorrect, as he can get information from the plaintiff or elsewhere to guide him, as Judge Haymond shows in *Board of Ed.* v. *Crawford*, 14 W. Va. 797. It seems he is to deliver as the plaintiff directs (Herm. Ex'ns, § 351; Freem. Ex'ns, § 472), unless it would

violate or exceed the plain description contained in the execution, and to follow the plaintiff's direction would be manifestly wrong. He surely may take means to glean information to enable him to apply the language of the writ of possession to the subject-matter, the land. He must not contravene his warrant, however, but he can resort to extraneous aids. The law of description in deeds is that of reasonable certainty only; "but the degree of certainty required is always qualified by the application of the rule that that is certain which can be made certain. A deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it is intended to convey. The office of a description is not to identify the land, but to furnish means of identification." Jones, Real Prop. § 323; *Thorn* v. *Phares*, 35 W. Va. 771 (14 S. E. 399). Let us have as much certainty in the declaration as convenient, as it is all the better; but where there is not the highest degree, or even a high degree of certainty, let us not overthrow it by too rigid a requirement, which is not exacted by the law. I think a misunderstanding prevails considerably in this matter. *Carter* v. *Railway Co.*, 26 W. Va. 644, will sustain this view, and the present summons is more certain than the declaration in that case. In support I refer to the opinion in *Board of Ed.* v. *Crawford*, 14 W. Va. 790, and Tyler, Ej. 393. That case liberalized on this matter, and since then the above-quoted clause has been put in the statute. See opinion *Postlewait* v. *Wise*, 17 W. Va. 10.

Another point made against the judgment is that, while White pleaded not guilty, Caudle entered no plea, and the case was tried without issue as to him. It is claimed that under *Ruffner* v. *Hill*, 21 W. Va. 152, and cases cited there, and later cases of *Bennett* v. *Jackson*, 34 W. Va. 62 (11 S. E. 734), and *State* v. *Brookover*, 42 W. Va. 292 (26 S. E. 174), this is reversible error. Under this doctrine, a case fairly tried on the belief, on the part of the court and parties, that a plea had been entered and issue joined thereon, and tried in precisely the same way in which it would have been tried if such issue had been formed, is to be tried over again because the verdict must

be set aside. This is the dryest and most hurtful technicality, reversing fair trials, delaying justice, and ruining parties from costs, and almost rendering the administration of justice a mockery. It is based only on the common-law rule that there can be no issue without plea, and unless an issue is made, which the parties alone can do, there can be no trial; but the parties have, in effect, made an issue by going to trial as on an issue. I know it is sustained by numerous cases, and is protected by the rule of *stare decisis*, as expounded in *Clark* v. *Figgins*, 27 W. Va. 663, and case there cited. I yield to no one in respect for this rule conducive to stability and certainty of principles of law, but where it works so as to be illogical and unreasonable, it ought not to be followed. Where it applies to rights of property, it has stronger claim for observance than in cases of mere practice, as in this case. I would make this difference. 23 Am. & Eng. Enc. Law, 28, 36. The rule has its exceptions. In *Rumsey* v. *Railroad Co.*, 133 N. Y. 79 (30 N. E. 654), it is said: "It is no doubt true that even a single adjudication of this court, upon a question properly before it, is not to be questioned or disregarded except for the most cogent reasons, and then only in a case where it is plain that the judgment was the result of a mistaken view of the condition of the law applicable to the question. But the doctrine of *stare decisis*, like almost every other legal rule, is not without exceptions. It does not apply to a case where it can be shown that the law has been misunderstood or misapplied, or where the former determination is evidently contrary to reason. The authorities are abundant to show that in such cases it is the duty of courts to re-examine the question. Chancellor Kent, commenting on the rule of *stare decisis*, said that more than one thousand cases could then be pointed out, in the English and American reports, which had been overruled, doubted, or limited. He added that it is probable that the records of many of the courts of this country are replete with hasty, crude decisions, and such cases ought to be examined without fear, and revised without reluctance, rather than have the character of our law impaired, and the beauty and harmony of the system destroyed, by the perpetuity of error. 1 Kent Comm. (13 Ed.) 477." See *Frank* v. *Darst*, 14 Ill. 304 to same effect.

See note on *Stare Decisis, Gee's Adm'r* v. *Williamson*, 27 Am. Dec. 631.

In this case there could be but one plea, letting in all defenses. That plea would deny the unlawful withholding of the premises. The jury was sworn "to well and truly try the issue whether the defendants unlawfully withhold the premises in controversy from the plaintiff," just as if the plea had been in and an issue raised, and their verdict answered that issue and oath. Full trial was had as on that issue. How is the defendant Caudle injured? Certainly White is not, from Caudle's failure to plead. To so hold is a travesty upon justice, a reproach on legal procedure. And this matter involves merely a rule of practice, not of title to property. It is more serious to disturb decisions on which title to property rests. (Of course, it is to be undestood that I am speaking of the rule of *stare decisis,* not *res judicata,* as they are widely different). But I do not think the rule that where there is no plea and issue a verdict, however just, must be set aside, applies to cases before justices or on their appeal. Now, where a case is tried on its merits before a justice, without any pleadings, that, in practice, has not been regarded as an objection to the verdict, though it would be in an action originating in the circuit court; and on appeal, section 169, chapter 50, Code 1891, says the case may be tried on the pleadings before the justice or new pleadings. Great liberality is allowed in such proceedings. Who would think of setting aside a verdict founded upon full, fair trial, because of want of a plea of *nil debit* or *non assumpsit* or *non est factum,* or other common-law plea, general or special? But, moreover, in this particular action of unlawful detainer before a justice, the statute prescribes no plea at all, but does provide that the jury "shall be sworn well and truly to try whether the defendant unlawfully withholds the premises," and prescribes this distinctive oath, and no other; and this, whether the defendants appear or not; and the plea of not guilty of withholding possession would call for no other oath. And section 68 says that when a defendant does not appear the plaintiff must prove his case, and, under section 218, this applies to unlawful detainer. And so it is that the statute law puts in the plea of general traverse or denial of the allegation of un-

lawfully withholding the premises alleged in the summons. What more could the defendant do? This is a statutory, not a common-law, action, requiring no common-law plea, and the statute prescribes none. Judgment affirmed.

*Affirmed.*