# CHARLESTON.

WHITE *v.* EMBLEM, *et al.*

(ENGLISH, PRESIDENT, *concurring*.)

Submitted June 3, 1897—Decided November 17, 1897.

| | |
|---|---|
| 43 | 819 |
| 44 | 209 |
| 45 | 465 |

| | |
|---|---|
| 43 | 819 |
| f46 | 737 |

| | |
|---|---|
| 43 | 819 |
| f62 | 460 |

1. JUSTICE OF THE PEACE—*Detinue—Verdict—Judgment.*

   A verdict in an action for the recovery of personal property before a justice or on its appeal must find the value of the property, and of each article sued for, as in the action of detinue, and the judgment must do so. (p. 820.)

2. DETINUE—*Verdict—Judgment.*

   A judgment in an action for the recovery of personal propty before a justice, or on its appeal, or in the formal action of detinue, which is only for the sum found by the verdict as the value of the property, is erroneous. It should be for the property, if to be had, and, if not, then its value. (p. 820.)

3. PLEADING—*Error.*

   It is not reversible error that there was no plea or issue in an action before a justice, either in the justice's court or on appeal, where there was a full trial as if on plea and issue. (p. 819.)

Error to Circuit Court, Ohio County.

Action by David White against James and W. T. Emblem. Plaintiff had judgment. Defendants brings error.

*Reversed.*

B. B. DOVENER, for plaintiffs in error.

JOHN A. HOWARD, for defendant in error.

BRANNON, JUDGE:

Action before a justice for recovery of personal property, and appeal to circuit court, and judgment for plaintiff. It appears there was no plea forming an issue in this case in either the justice's or circuit court, and JUDGE ENGLISH insists upon the reversal of the judgment for that cause, but the other judges do not agree to do so. In *Simpkins* v. *White*, 43 W. Va. 125 (27 S. E. 361), I gave my reasons for refusing to reverse the judgment in an action of unlawful entry before a justice for want of issue.

I would apply the same doctrine to any action before a justice. A formal action of detinue asserts that defendant unlawfully detains the property, and the general issue is *non detinet*, denying the unlawful detention. In formal common-law actions there are formal pleas and formal issues, and the jury is sworn to try the issue or issues; but there are no formal pleadings or issues in actions before justices, or on their appeal to the circuit court. The Code, in chapter 50, s. 49, abolishes, as to justices' courts, the forms of action in courts of record, and, of course, abolishes formal pleadings applicable thereto. If the defendants in this case had pleaded, they would simply have denied the allegation of unlawful detention of the property. By making defense they did this just as clearly as if they had filed a plea denying it, or pleaded *non detinet*. The jury was sworn to try "all matters in difference between the parties," thus covering all points of issue or controversy. It would seem to be over-nice to reverse this judgment for that cause when we see that a jury trial was had, just as if there had been a formal plea.

But a grave error in this case consists in the facts (1) that the verdict does not give the value of each of the several articles of property sued for, nor does the judgment; (2) the judgment is one for the recovery of a sum of money found by the jury as the gross value of all the property, whereas it should have been for the recovery of the specific property, if to be had, and, if not, then for the alternative value in money. The verdict must find the separate values of the property, and each article, if more than one is sued for. This is old law. 6 Am. & Eng. Enc. Law, 657; 2 Bart. Law Prac. 705. The judgment must correspond. Though the case be before a justice, where rigid proceeding is not required, still there must be such a verdict as will support such a judgment as the law requires; especially might we ask it on the appeal. The plaintiff has right to the particular property he has sued for, if to be had, and, if not, then its value; while the defendant has right to surrender the property, and not pay its value. This judgment denies the defendants this right, and makes them pay the money at all hazards. Therefore we reverse the judgment, set aside the verdict, and send the case back to the circuit court for a new trial.

ENGLISH, PRESIDENT (concurring):

I concur in the conclusion reached in this cause for the following reasons: This was an action of detinue, brought by David White, trustee, against James and W. T. Emblem, before H. C. Petermann, a justice of the peace of Ohio County, to recover the possession of certain furniture, and twenty-five dollars damages for the wrongful detention thereof. After hearing the testimony, the said justice dismissed the action at the cost of the plaintiff, and from said judgment the plaintiff appealed to the circuit court of said county. On the 11th day of October, 1895, the case was submitted to a jury, who found a verdict for the plaintiff, and fixed the value of the property sued for in the action at two hundred and twenty-five dollars, and also further found that they assessed damages for the detention of the property without saying what amount of damages they assessed, whereupon the defendants moved the court to set aside the verdict, and grant them a new trial, and further moved the court in arrest of judgment upon said verdict, which motion was overruled by the court, and judgment was given upon the verdict for the sum of two hundred and twenty-five dollars and costs, and from this judgment the defendants obtained this writ of error.

The first error assigned and relied on by the plaintiffs in error is that "the court erred in refusing to set aside the verdict and grant a new trial, the verdict not being in proper form, nor in any sense legally drawn or properly responsive to the issue." This assignment of error leads us to examine the record, and inquire what was the issue made up between the parties and tried by the jury. An examination, however, of the transcript returned by the justice by whom the case was tried, discloses the fact that no plea of any character was interposed by the defendants, or either of them. Now, while the provisions of our Code with referene to pleadings before a justice are extremely liberal, and such pleadings are not required to be in any particular form, they must be such as to enable a person of common understanding to know what is intended; and it is further provided that the pleadings may be amended at any time before the trial or during the trial, when, by such amendment, substantial justice will be promoted.

Yet some sort of plea must be entered making up the issue between the parties, and, where an appeal is taken to the circuit court, the statute provides that "the appeal may be tried upon the pleadings made up in the justices' court, or the pleadings may be amended before or during the trial of the appeal, when substantial justice will be promoted by the amendment." Code, c, 50, s. 169. In this case, however, no plea or amended plea appears to have been filed in the circuit court, and as matter of course no issue was made up. Was this error, and, if so, was it such error as the defendants could complain of? A case similar to this was before this Court, and is reported in *Ruffner* v. *Hill*, 21 W. Va. 152, which was an action of ejectment, and it was there held that, "if a circuit court enter up a judgment on the verdict of a jury sworn to try the issue joined in any case, criminal or civil, including an action of ejectment, where no issue had been joined or no plea filed by the defendant, such judgment would, for such reason, only be reversed by the appellate court." This writ of error was allowed upon the petition of the defendants, and it was their fault that the plea was not entered. This was an action of ejectment, and the statute prescribes that the defendant in that action shall plead the general issue only, which shall be that the defendant is not guilty of unlawfully withholding the premises claimed by the plaintiff in the declaration.

It was claimed by counsel in that case that the judgment ought not to be reversed, because the Code provides that "no other plea can be filed in an ejectment case except a plea of not guilty, and therefore it must be conclusively presumed that the jury was really sworn to try the issue on the plea of not guilty, though no plea was put in, and that the only issue that could be made up was the one actually tried, and it would be too technical to reverse because the formality of entering the plea of not guilty was omitted." JUDGE GREEN, however, further says: "These cases [referring to many he had cited from Virginia and West Virginia] abundantly show that the court has not reversed judgments entered upon such verdict, because there was any doubt as to the real issue which the jury tried, nor because the defendant might have made up some other issue if he had pleaded. * * * The real ground on which these decisions

rest is that by the common law the court has no right to make up the issue, and impanel a jury to try it; but the parties, by their pleading, must first come to an issue, and then it is tried by a jury. When, therefore, the record shows that the parties, by their pleadings, have not come to any issue, but nevertheless the record shows that the issue was tried, this issue must either have been illegally made up by the court, or, by a blunder, it must have been assumed to have been made up by the parties, when in fact it was not." And in speaking of the cases cited he further says: "In some of the cases we have cited the record showed distinctly what was the issue tried by the jury, and also that the verdict was distinctly responsive to such issue, and it was the only issue the parties in the particular case could have made had they, by the pleadings, made any issue; yet the judgments were reversed because no issue, so far as the record showed, had been formed. It has thus been held as absolutely necessary in every case that an issue shall be made up by the pleadings before a jury can be impaneled to try the cause." In the case of *Machine Works* v. *Craig*, 18 W. Va. 559, pt. 3, syll., it was held that, "where it does not appear by the record in an action at law that pleas were filed and issues joined, the verdict of the jury is erroneous, and should be set aside." See, also, *Railroad Co.* v. *Christie*, 5 W. Va. 325, where it is held that "it is error to swear a jury to try the issue joined when there is no issue." To the same effect, see *Railroad Co.* v. *Gettle*, 3 W. Va. 377; also *Williams* v. *Knights*, 7 W. Va. 355.

Sir Matthew Hale, followed by Mr. Justice Blackstone, in defining an issue says: "When, in the course of pleading, they come to a point which is affirmed on one side and denied on the other, they are then said to be at issue." And in 3 Bl. Comm. 313, it is said: "An issue is, when both the parties join upon somewhat that they refer unto a trial to make an end of the plea." In the case of *Syndor* v. *Burke*, 4 Rand. (Va.) 161, which was an action of detinue, there was no notice in the record of any plea or issue joined, but it was stated that a jury was sworn to try the issue joined. The jury rendered a verdict for a portion of the articles claimed by the declaration, and the court gave judgment accordingly. Judge Cabell, in delivering the opinion of

the court, says: "Although the record states that the jury was sworn to try the issue joined between the parties, yet it does not show that any plea was filed by the defendant, nor that any issue was in fact joined. The counsel for the appellee has exhibited the transcript of the order of the superior court made at a term subsequent to that at which the judgment was rendered, showing that the court received the evidence of the clerk that a plea had been regularly filed, and that issue was joined thereon, and directing the plea to be entered *nunc pro tunc;* but we cannot regard this transcript as any part of the record. * * * Without deciding any of the questions made in the argument, I am of the opinion to reverse the judgment upon the ground that no issue was joined between the parties." In the case of *State* v. *Douglass*, 20 W. Va. 771, it appears that the case was tried when no issue had been made up, and, although the case was presented to the jury precisely as though the issue had been made up, yet the ATTORNEY GEN-ERAL conceded that, inasmuch as it appeared from the record that no such plea was entered by the prisoner, the judgment of the court below should be reversed; and the court held that this was a fatal error, and that the court could not, on such a verdict, render any judgment, and proceeded to set aside the verdict, reverse the judgment, and remand the case. So, also, in the case of *Brown* v. *Cunningham*, 23 W. Va. 109, it was held that "a judgment based on a verdict in an action of ejectment or in any other action, civil or criminal, will be reversed by the appellate court if the record shows there was no issue made up between the plaintiff and defendant by the pleadings in the case." Again, in the case of *State* v. *Brookover*, 42 W. Va. 292 (26 S. E. 174) this Court held that "it was error in the circuit court to hear and finally determine a controverted case, in the absence of express agreement to the contrary, without proper pleas filed and issues joined thereon."

It is true, this case originated before a justice of the peace, and was tried before the justice without any plead-ing, oral or written, so far as the transcript shows, and was brought by appeal to the circuit court, and there tried without any pleas or issue. Now, while it is understood that the practice before justices is, to some extent, a liberal one, yet the statute provides (section 50, c. 50, Code) that

the pleadings may be oral or in writing. If oral, the substance of them shall be entered by the justice in his docket; if in writing, they shall be filed by him, and a reference to them be made in the docket. Such pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended. In section 169 of same chapter it is provided · that the appeal may be tried upon the pleadings made up in the justice's court, or the pleadings may be amended before or during the trial of the appeal, when substantial justice will be promoted by the amendment. All lawful evidence produced in relation to the matter in difference between the parties shall be heard, whether such evidence was produced before the justice or not, and the cause shall be determined without reference to the judgment of the justice on the principles of law and equity. Section 50 provides that "the following rules of proceeding shall be observed in justices' courts :" The pleadings in these courts are first, the complaint by the plaintiff; second, the answer by the defendant." So it appears the law requires some pleading before the justice, either oral or written, and the docket of the justice must show what the pleadings were, otherwise they can not be amended in the circuit court. Neither can the case be tried upon the same pleadings unless it appears what they were; but in the case under consideration there was no pleading and no issue, either before the justice or in the circuit court. The statute does not prescribe what plea shall be interposed in the action of detinue, and we can not presume that any plea was filed or issue joined when the transcript of the justice and the record of the court are both silent in regard thereto. I am aware that this Court held in the case of *Simpkins* v. *White*, 43 W. Va. 125 (27 S. E. 361), that: "In unlawful detainer before a justice or on its appeal a verdict on full trial on the merits will not be set aside because there was no plea and issue. The statute puts in the plea of not guilty." And while that ruling may be correct, I am constrained to say it does not accord with much respectable authority in this and the old state, and it differs from the case under consideration in this: that the statute puts in no plea in an action of detinue, although it does in an action of ejectment, which was the

case of *Ruffner* v. *Hill, supra;* and my conclusion is from the authorities above quoted, and others I have been able to examine, that in an action of detinue originating before a justice, and appealed to the circuit court, where there is no plea or issue made up either before the justice or court, no judgment can be rendered upon the verdict obtained in the circuit court. Having arrived at this conclusion, I deem it unnecessary to consider the case upon its merits. The judgment complained of must be reversed, and a new trial awarded.

*Reversed.*