CLINTON COOPER *v.* E. E. KNIGHT, *Justice, etc., et al.*

(No. 9299)

Submitted April 21, 1942.  Decided May 5, 1942.

*W. H. Daniel* and *William C. Graham,* for petitioner.
*West & Rubin,* for respondents.

ROSE, JUDGE:

Upon the relation of Clinton Cooper, a rule was issued by this Court requiring E. E. Knight, a justice of Gideon District, Cabell County, John Moore, a constable of that district, and W. M. Lewis to show cause, if any they could,

why a writ of prohibition should not be awarded against them prohibiting further proceedings upon a certain judgment for $13.00 rendered by said justice in favor of Lewis and against the relator for alleged damages arising out of an automobile wreck. The judgment is charged to be void for the reason that it was rendered without the hearing of any evidence before the justice.

The judgment creditor, Lewis, and the justice filed a joint return and answer to the rule, in which they deny that the judgment "was rendered without first hearing evidence", and allege that the "case was tried as shown by the certified copy of the transcript of the record made in said action and filed herewith." The transcript recites that "after hearing the evidence adduced by the plaintiff" judgment was rendered.

On the issue thus raised, evidence was taken on behalf of the relator, but none by the respondents. The witness whose evidence was produced testified that, at the request of the relator's attorney, who was then engaged in the United States District Court, he attended justice Knight's court at the hour set for trial, at which time the plaintiff appeared with others who seemed to be his witnesses, but that defendant' Cooper did not appear; that on behalf of Cooper he asked for a continuance, which was refused; that after some delay, the justice asked "Is your client here?" and that he replied "I do not see him," and the justice "said something to the effect, I do not remember his exact words, 'That will be judgment for the plaintiff,' or 'I will render judgment for the plaintiff' or something to that effect, I don't remember which." The witness further stated that "there were no witnesses sworn on either side, either by Dr. Lewis or anybody on his behalf, or on behalf of Clinton Cooper, and no testimony or evidence whatsoever was entered in the Court of E. E. Knight at the time that I have just spoken of."

In the absence of any testimony to the contrary, we must accept as a fact proven that the justice rendered the judgment here involved without hearing evidence of

any character. This he had no power to do. His capacity to render judgment in any case is created solely by statute; he has no common law authority. Code, 50-13-3, reads:

> "When a defendant does not appear, the plaintiff cannot recover without proving his case. The justice, if the process has been served on the defendant, shall in such case proceed to hear the allegations and evidence of plaintiff, and render judgment as the right shall appear."

This would seem to be conclusive of the case. But it may be said that the defendant did "appear" by counsel, and that therefore this section of the statute has no application. We cannot accept so narrow a construction of the language used. See *Simpkins* v. *White*, 43 W. Va. 125, 27 S. E. 361; *Chenowith* v. *Keenan*, 61 W. Va. 108, 55 S. E. 991. Moreover, section 32 of article 4 of the same chapter says that:

> "At the time appointed for the hearing, if a jury be not demanded by either party, the justice shall hear the proofs and give judgment as the law and evidence shall require."

It is, therefore, perfectly plain that a justice has no power (or jurisdiction) to render a judgment of this character without hearing evidence. The peremptory writ of prohibition will be awarded as prayed for. The relator will recover his costs in this proceeding from the respondents Knight and Lewis.

*Writ awarded.*