15657

WIMBERLY, AGT., ETC., v. SHORTER

(30 S. E. (2d), 593)

February, 1943.

*Mr. J. B. McLaughlin,* of Columbia, S. C., Counsel for Appellant,

*Mr. Richard E. Broome,* of Columbia, S. C., Counsel for Respondent,

June 13, 1944.

Mr. Associate Justice Fishburne delivered the unanimous Opinion of the Court:

This case involves the dispossession of a tenant for nonpayment of rent. It originated in a magistrate's court for Richland County, and resulted in a verdict in favor of the respondent for the possession of the premises, by direction of the court. Upon appeal being taken to the County Court, the judgment of the magistrate was affirmed. From this judgment, the appellant appeals to this court upon several exceptions. The proceeding is of a summary character, and was instituted under the provisions of Section 8813 of the Code.

The usual notice to quit or rule to show cause under the statute was served upon appellant, and she appeared by counsel and in person upon the return day. Upon the call of the case, counsel for appellant demurred to the notice or complaint, upon the ground that there was another action pending upon appeal and undetermined, between the same parties, which originated in the Court of the trial magistrate, and based upon the same cause of action. The demurrer was overruled, after which a jury was empaneled and the case proceeded to trial.

The respondent landlord was offered as a witness, and testified that appellant was more than two months in arrears for rent. She further stated that the former action brought by her against the tenant for nonpayment of rent resulted favorably to her, and it was adjudged that she should have possession of the premises in question; that the tenant had appealed, but that pending such appeal, the rents involved in that proceeding had been paid by the tenant, and accepted by her.

Immediately upon the conclusion of the respondent's testimony, a motion was made on her behalf for a directed verdict, upon the grounds: (a) that no answer had been filed by the tenant; (b) that the rents, for which the prior action had

been brought had been·paid which ended that case; and (c) that the action being currently tried was an entirely new matter.

This motion was granted by the magistrate, over the protest of the appellant, who was present in court demanding to be heard so that she might present her defense. Several grounds of appeal were presented to the County Court, and upon exceptions to this court, but we deem it necessary to consider and determine only the ground of alleged error on the part of the magistrate in refusing appellant the right to testify and to be heard in her own defense, because she had filed no answer.

It is entirely clear that the magistrate was correct in the first instance, in overruling the demurrer or motion to dismiss the action made upon the ground that another·action was pending between the same parties, involving the same cause of action.

The notice to quit or rule to show cause served upon the appellant was not demurrable upon the ground stated, because it did not appear upon the face thereof that another action was pending between the same parties for the same cause. This being true, the objection or defense should have been made by answer. The question for determination then is, did the appellant fail to answer or make return to the rule to show cause, and thus bar herself of the right to testify and be heard?

It is admitted that appellant filed no written answer, but she contends that her legal defense, presented in argument on the demurrer amounted substantially to an oral answer, and was sufficient to put the respondent upon notice that testimony would be offered to prove that a former suit was pending upon appeal from the same magistrate for the same cause of action and between the same parties.

Code, Section 274 prescribes the rules governing ■ pleadings in the courts of magistrates. Subsection 5 provides that pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended. Our cases generally hold that technical·rules of procedure are not applicable in these courts, and, even on appeal from them to the Circuit Court, the latter is required to give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits. *Sessions v. Johnson,* 185 S. C., 177, 193 S. E., 635; *Darby v. Southern R. Co.,* 108 S. C., 145, 93 S. E., 716. Code, Section 804.

The Legislature has made a distinction between the mode of procedure in ordinary cases, and that for the possession of premises by landlords against their tenants. The latter is exceedingly summary. The proceeding provided by statute (Sec. 8813) is not summary in the sense, however, that it deprives the tenant or the landlord of full opportunity to be heard. The courts of magistrate are not courts of general jurisdiction, and a certain informality is to be expected in the trial of cases before them. ·

In this case, we think the magistrate and the County ■ Judge upon appeal, took too narrow a view of the matter, especially when applied to pleadings and proceedings in an inferior court, where, as is well known, the same strictness is not required as in a court of general jurisdiction.

The primary purpose of pleadings in any court is to apprise parties of the issues they are to meet. Can it be said in this case that the respondent landlord would have been taken by surprise or unduly prejudiced by permitting the tenant to present her defense that another action was pending? We think not. The whole course of the trial is susceptible of the reasonable inference that this·issue was actually in the contemplation of the parties, and joined. If it was not so under-

stood and considered, why was counsel for the tenant permitted to cross examine the landlord? Why was a jury empaneled and sitting in the case to determine the issues between the parties. And why did the magistrate deem it proper to make a finding that the appeal in the former case between the parties had been abandoned? Furthermore, the landlord's motion for a directed verdict presupposed a trial of issues. If appellant had not appeared, and if the matter had proceeded as though by default, then, upon the conclusion of the landlord's testimony in support of the allegations contained in the notice to quit, judgment of eviction would have followed automatically.

In addition to this, why was it thought necessary to bring out on examination of the landlord, any testimony with reference to the former trial, which involved the same cause of action between the same parties? This testimony in effect anticipated the defense of another action pending. And if it was not admitted for this purpose, then it was altogether irrelevant, because it was in no way responsive to the allegations in the notice to quit or rule to show cause.

We think, having gone thus far, the court and the landlord were committed to a full trial of the case.

It was said in *Bachinsky v. Federal Coal & Coke Co.*, 78 W. Va., 721, 90 S. E., 227, with reference to a somewhat analogous state of facts, in a court of a justice of the peace:

"We have held that, where the record fails to show any issue was formally joined, in a suit originating in a justice's court, but does show that the case was fully tried as if a definite issue had been joined, such failure to join issue is not reversible error. [*Security*] *Bank Note v. Shrader*, 70 W. Va., 475, 74 S. E., 416, Ann. Cas. 1914-A, 488, and *Simpkins v. White*, 43 W. Va., 125, 27 S. E., 361."

In *Security Bank Note Co., v. Shrader, supra* [70 W. Va., 475, 74 S. E., 418], the record showed no entry or plea by the defendant. The Court said:

"Though the statute contemplates, allows, and requires pleadings, nothing more is necessary than enough 'to enable a person of common understanding to know what is intended.' Clause 5, § 50, ch. 50, Code. Section 68 of the same chapter commands the justice to render judgment as the right shall appear. Here the parties proceeded as if a general denial of the plaintiff's demand had been entered, and the case was tried by a jury on its merits. Under such circumstances and in a case commenced in a justice's court, a judgment will not be reversed, merely because the record does not show the entry of a plea and issue joined thereon. *Simpkins v. White*, 43 W. Va., 125, 27 S. E., 361."

In the case at bar, it appears that the parties proceeded as though the issue had been joined; the respondent was permitted to give her version of appellant's defense, and then the case was summarily ended. The appellant, although present and demanding her day in court, was denied the opportunity to testify and present her defense, because she had filed no answer. In our opinion, no worthwhile distinction can be made between this case and the West Virginia cases cited.

We, think, under the circumstances disclosed by the record, that the trial magistrate and the County Judge have adopted a view entirely too technical, in holding that because no formal answer was filed, no issue was joined, and that the appellant was not entitled to offer testimony. It follows that the judgment must be reversed, and the case remanded to the magistrate court for a new trial.

Judgment reversed.

MR. CHIEF JUSTICE BAKER, and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.