# CHARLESTON.

Morse *v*. Rector *et al.*

(Dent, Judge, *concurring.*)

(Brannon, Judge, *dissenting.*)

Submitted September 10, 1897—Decided December 4, 1897.

1. Justice of the Peace—*Appeal—Remand for Pleadings.*
    In an action before a justice of the peace, where there is no complaint filed by the plaintiff, and no answer or plea filed by the defendant, as required by section 50 of chapter 50 of the Code, and it does not appear what evidence was offered before the justice, if the justice proceeds to render judgment against the defendant who takes an appeal therefrom to the circuit court, and no plea is entered in that court by the defendant, nor does it appear what evidence was before the court, if the circuit court renders judgment against the defendant, and he objects and excepts, and makes the transcript of the justice's proceedings a part of the record, this Court, upon writ of error, will reverse the judgment complained of, and remand the case for proper pleadings. (p.204).

2. Appeal—*Record—Remand for Pleadings.*
    Where the record of an action begun before a justice and appealed to the circuit court fails to show any pleadings on either side, oral or written, the judgment will be reversed, and case remanded, to enable the parties to properly make up their pleadings, or amend the record of the justice according to the truth. (p.205).

Appeal from Circuit Court, Taylor County.

Action by Daniel P. Morse, as Morse & Rogers, against Emery L. Rector, surviving partner of Rector & Co., and

Joel A. Rector and S. B. Ayer. Plaintiff had judgment. Defendants appeal.

*Reversed.*

JOHN T. McGRAW, for appellants.

IRA E. ROBINSON, for appellee.

ENGLISH, PRESIDENT:

Daniel P. Morse, doing business as Morse & Rogers, brought an action for the recovery of money before T. M. Demoss, a justice of the peace of Taylor county, on March 13th, 1896, against Emery L. Rector, surviving partner of the firm of W. A. Rector and E. L. Rector, partners as Rector & Co., and Joel A. Rector and S. B. Ayer, in which the plaintiff demanded judgment for one hundred and thirteen dollars and two cents, with interests and costs according to law. No return was indorsed on the first summons. A second summons was issued, dated March 21, 1896, executed on the same day. On the 14th day of March, 1896, the defendant Joel A. Rector appeared before the justice, suggested the nonresidence of the plaintiff, and demanded security for costs. He also demanded an itemized statement of the cause of action. On March 21, 1896, the cause was continued on the affidavit of E. L., Rector. On March 28, 1896, the cause was again continued on the affidavit of S. B. Ayer. The copy of a plea signed by S. B. Ayer, defendant, dated April 4, 1896, appears to have been copied in the transcript of said justice, in which said Ayer, for plea and answer to said action, said that the plaintiff ought not to have or maintain his said action against him and the other defendants, because, as was shown by the record therein filed by the plaintiff, there already existed a judgment against him and his said co-defendants for said cause of action therein sued for, which judgment had not been appealed from, set aside, or annulled, but was then in full force and effect. This plea, however, does not appear to have been filed by any order or any reference thereto made by the justice in his docket as being so filed; neither was any other plea filed by the defendant in said action. No complaint appears to have been filed by the plaintiff in the case, nor does it appear

what evidence was offered in support of the plaintiff's claim. -It is true, the transcript of the justice shows that on the 7th of April, 1896, a trial was had, and, upon consideration of the evidence before said justice, judgment was granted the plaintiff against the defendants for the sum of one hundred and sixteen dollars and eighty-six cents, with interest thereon till paid, and costs; yet it nowhere appears in said transcript upon what claim said suit was predicated, or what evidence was offered in support of any claim.   Although the transcript of the justice is headed by the words, "Justice's Transcript of the Proceedings on Stay Bond," we cannot say whether these words were written by the justice or by the clerk in making out the record, nor do we regard it material.   It nowhere appears that any stay bond was made the foundation of this action, or that any evidence was before the justice in reference thereto; and, in the absence of the proper plea, no evidence could have been heard as to the effect of the stay bond.   It is true, the defendant demanded an itemized statement of the cause of action, but no such statement appears to have been filed in pursuance of said demand.

Section 50 of chapter 50 of the Code provides for the rules of proceeding, before a justice as follows: "The pleadings in these courts are first, the complaint by the plaintiff, second, the answer of the defendant." It is further provided in the same section that: "The pleadings may be oral or in writing; if oral, the substance of them shall be entered by the justice in his docket; if in writing, they shall be filed by him, and a reference to them be made in the docket; in either case if the parties appear and the defendant make defence, they shall be made upon the return day of the summons unless good cause be shown to the contrary." In the case before us, however, there was no complaint, no answer, no pleadings made up, and no issue to be tried, yet it appears from the transcript of said justice's docket that on the 7th of April, 1896, the plaintiff and defendants came by their attorneys, and a trial was had, and upon consideration of the evidence before the justice judgment was granted the plaintiff against the defendants for the sum of one hundred and sixteen dollars and eighty-six cents, with interest till paid

and costs. Now, what was tried, and what claim was evidence considered in support of, and what evidence was before the justice, we cannot answer from an inspection of the transcript. An appeal was taken from this judgment to the circuit court, and on September 26, 1896, the case was heard upon appeal in that court. No complaint or appeal was filed in that court, and, there having been no appeal filed before the justice, the pleadings could not be amended before or during the trial in the circuit court, as provided in section 169 of said chapter. It appears from the order, however, that the questions of law and fact were submitted to the court; that the court heard the evidence adduced and the arguments of counsel, and found for the plaintiff the sum of one hundred and twenty dollars and seventy-one cents, and rendered judgment for that amount against the defendants and the securities in the appeal bond. To this judgment the defendants objected and excepted, and the trrnscript of the justice's docket was made part of the record. Now, there having been no pleadings or issue either before the justice or in the circuit court upon appeal, we cannot say what was tried, or whether the judgment was proper or not. My conclusion therefore is that the judgment complained of is erroneous. The same is reversed, and remanded to the circuit court, in order that proper pleadings may be filed therein, and the cause properly heard and determined.

Dent Judge, (*concurring*):

Plaintiff's astute and able counsel submit the following argument in his behalf: "No complaint showing the cause of action appears, and defendants below waived their right to cause such pleading to be filed. There is no objection anywhere in the record to the absence of such pleading. Even upon the trial in the circuit court no pleading in the nature of a complaint such as is mentioned in section 50, chapter 50, of the Code, was put in by the plaintiff below, or exception to its absence taken. Nothing in the record shows the cause of action, and it would only appear herein from the evidence upon the trial, which is not made a part of this record, and is not before this Court. How, then, can plaintiffs in error ask this Court to say that a judg-

ment did exist upon the same cause of action when that cause of action is not shown to this court?" In this argument the counsel determines the case against himself, for, if there is no complaint, there is no case. A judgment is the conclusion of the law from the pleadings and evidence, and if there are no pleadings on which to found a judgment, there can be no judgment. Section 9, chapter 131, Code, among other things, provides: "Any party may avail himself of any error appearing on the record by which he is prejudiced, without excepting thereto." In this case the parties submitted the same to the court on the law and the evidence. The very first inquiry for the court then was, is there a complaint sufficient to justify a judgment? And, if not, judgment for the plaintiff was improper, as there was nothing on which to found it. He should have then ordered the pleadings to be properly made up and entered of record, or dismissed the case as a false clamor. In the case of *Riley* v. *Jarvis*, 43 W. Va., 43, (26 S. E. 369), JUDGE BRANNON says: "When the circuit court came to enter judgment on the verdict, if it had looked back on the whole record, it would have seen that that verdict stood on evidence without pleading to admit it, and so it could not give judgment for the plaintiff, but ought either to give judgment for the defendants *non obstante veredicto*, because no case was proven against defendants on the pleadings; or award a new trial, to let the plaintiff restore his count to receive that evidence." And on page 367 he says: "Though you have ever so strong a case for recovery under the evidence, you cannot recover without a declaration to admit the evidence." In *O'Connor* v. *Dils*, 43 W. Va., 54, (26 S. E. 354), this Court determined, although not appearing in the syllabus, that a summons in a justice's court is not a part of the pleadings, and cannot be treated as a complaint. See JUDGE HOLT's opinion, page 357. "It is no part of the function of the summons to state the facts constituting the cause of action; that is the function of the complaint." In the case of *State to use of Robinson* v. *Brookover*, 42 W. Va., 292, (26 S. E. 174), this Court held unanimously that "it is error for the circuit court to hear and finally determine a controverted case in the absence of express agreement to the

contrary, without proper pleas filed and issues joined therein." This applies to the pleadings on the part of the plaintiff as well as the defendant, and to cases before a justice as well as in a court of record. The proper `manner of setting up by plea a former judgment in bar, and the trial thereof, is stated in the case of *Davis* v. *Trump*, 43 W. Va., 191, (27 S. E. 397), to which counsel's attention is directed. In Steph. Pl. 204, it is said: "Whenever, on examination of the whole record, right appears on the whole not to have been done, and judgment appears to have been given for one of the parties when it should have been given for the other, this will be error of law." It was the duty of the plaintiff, under section 50 of chapter 50 of the Code, to file his complaint, or, if oral, to have the substance thereof spread upon the justice's record. Without such complaint, he is not entitled to recover, even though the defendant does not object for want of the same, for it is an error apparent on the record, which he has a right to take advantage of in an appellate court. If the complaint is insufficient in law, defendant may object thereto, and require its amendment, or ask for a bill of particulars. *Goff* v. *Miller*, 41 W. Va., 684, (24 S. E. 643). If there is no complaint, he need not object, but on a final hearing is entitled to a judgment of dismissal, unless plaintiff asks leave to supply the defect. "There is one principle, however, that pervades both cases at common law and under the statute. It is that, if plaintiff either states a defective title, or omits altogether to state any title or cause of action, neither the common law nor statute cures the error or omission; for the plaintiff need not prove more than is expressly laid in his declaration, or is necessarily implied from the facts which are stated. Doug. 658; Saund. *ubi supra*; *Bailey* v. *Clay*, 4 Rand. (Va.) 346. If he states a defective title, by his own showing he ought not to recover; if he states no title, the presumption is irresistible that he cannot, upon the trial, have made out a case entitling him to a judgment, and therefore it will be arrested. * * * But where he altogether omits to state any title or ground of action, it cannot be presumed he proved any at the trial, since he is bound to prove only what is laid in his declaration, or is necessary to any of the facts charged

in it." 2 Tuck. Comm. 307. This Court would probably do right in this case to dismiss the action, and give judgment for the defendants, and plaintiff would not be injured thereby, as from the record of the justice and the various papers copied in the record, but not by any order either before the justice or in the circuit court, made parts thereof, the plaintiff already has a judgment on which he can issue an execution and make his money; but, the court not being allowed to presume as to what was the cause of action, and the circuit court having given judgment for the plaintiff without certifying the facts on which it is founded, and the defendants excepting thereto, that injustice may not be done, it becomes necessary to award a repleader, that the record may be properly made up, and the rights of the parties justly determined. A repleader is not usually awarded to him who makes the first fault in pleading (2 Tuck. Comm. 313), and for this reason, if the judgment had been for the defendant, it could not now be disturbed. Judgment having been rendered for the plaintiff, the circuit court must have assumed that a proper complaint was made a part of the record, and, his attention not having been directed to the defect, and it being noticed for the first time in this Court, opportunity should be given to supply the same, which can only be done by reversing and remanding the case.

BRANNON, JUDGE, (*dissenting*):

As the case was regularly appealed from the justice to the circuit court, it is useless to consider errors before the justice on the trial. The want of a complaint is the vice causing reversal. There is the summons requiring defendants to answer "in a civil action for the recovery of money due on contract, in which the plaintiff will demand judgment for $113.02." This was itself a complaint, as far as it went, giving the nature of the action in a general sense. The defendants appeared both before the justice and in the circuit court. Of course, they had the right to demand this complaint in either court. Any court would have granted that, without a statute; but Code, c. 50, s. 50, cls. 1, 10, gave them the right before the justice to demand the complaint. Section 169 gave them such right in the

circuit court. They did demand, before the justice, a specification of items under clause 11, s. 50; but they went on afterwards, without objection, to trial without it before the justice and in the circuit court, and thus waived such statement. They should have objected to going on in the circuit court without it, or to all proof by the plaintiff without it. They never demanded complaint. They tried the case in both courts without it, without objection on that score. Now, reflect that it is not this complaint that brings an action into being, as the summons does that; but the provision for a complaint is for the defendant's benefit, to give him notice of the nature of the demand, and he can waive it. The record of the circuit court says that both parties appeared, waived a jury, submitted all matters of law and fact to the court, and the court, "after hearing all the evidence adduced and argument of counsel," found a certain sum for plaintiff, and gave judgment. We know not what evidence or what cause of action was shown, but must assume that the judgment of a circuit court is based on legal cause of action and evidence, until the contrary is shown. No error is presumed against it. As to the want of a plea, it was defendants' duty to file one. But we have decided this term that the want of a plea, where there has been a full trial on the merits, will not reverse a justice's judgment or one on appeal. *White* v. *Emblem*, 43 W. Va., 819, (28 S. E. 761). I refuse to deprive the plaintiff of the fruits of his recovery in both courts on such unsubstantial ground, particularly as it is a case before a justice, and there was a fair, full trial.

*Reversed.*