# CHARLESTON.

## MEIGHEN, *Assignee,* v. WILLIAMS.

Submitted June 17, 1901.    Decided November 16, 1901.

1. JUSTICE OF PEACE—*Summons—Civil Action.*

   A summons, issued by a justice of the peace, requiring the defendant to appear before him at his office, at a proper time therein specified, to answer the complaint of the plaintiff, "In a civil action for the recovery of money due on a judgment on the docket of J. A. Connelly, late a justice, to show cause why said judgment should not revive and be re-entered and execution issue thereon, in which the plaintiff will demand judgment for one hundred and sixty-two dollars and —— cents, exclusive of interest and cost," is sufficient. (p. 68).

2. CIVIL ACTION—*Judgment—Summons.*

   A judgment may form the basis and subject matter of a civil action before a justice of the peace, and such summons having all the requisites of a summons in such case, after striking out the words, "To show cause why said judgment should not revive and be re-entered and execution issue thereon," is amendable in that respect, and if the plaintiff files a complaint showing the object of the action to be the obtaining of a judgment and not the revival of the former judgment, such summons is thereby amended, that part of the summons which purports to set forth the cause of action being regarded as pleading in the action to that extent. (p. 68).

Error to Circuit Court, Wetzel County.

Action by D. R. Meighen, assignee, against U. B. Williams. Judgment for defendant, and plaintiff brings error.

*Reversed.*

MEIGHEN & OLDHAM, for plaintiff in error.

U. N. ARNETT, JR., for defendant in error.

POFFENBARGER, JUDGE:

J. N. Reinhart obtained a judgment against U. B. Williams before J. A. Connelly, a justice of the peace for Wetzel County, for the sum of one hundred and sixty-two dollars and costs amounting to nineteen dollars and twenty-five cents, on the 17th day of January, 1891. An execution was issued on this judgment January 20, 1891, directed to D. M. Keffer, constable, but was returned by order of the justice by reason of the service of a writ of *certiorari*, issued by the circuit court of said county, to bring the case to that court to be reviewed. The *certiorari* was afterwards dismissed by the court. On the 20th day of February, 1892, Reinhart assigned the judgment to D. R. Meighen, and no execution was thereafter issued on the judgment nor any further proceedings had thereon until the 26th day of August, 1899, when D. R. Meighen brought a suit before S. A. Carney, another justice of the peace for said county of Wetzel, on the judgment so obtained before Connelly, said justice making the summons returnable on the 23rd day of September, 1899. Upon the return day the defendant appeared and the case was continued by agreement for one week. On the 30th day of the same month the defendant appeared and, before the hour of trial, moved "to quash summons and dismiss the suit on the ground that the justice had no jurisdiction and for other reasons appearing on the record." On the same day the plaintiff appeared and "after waiting due time for the defendant he failed to appear and the plaintiff filed" his complaint in which he set out the facts hereinbefore stated, alleging that no part of the judgment had ever been paid, that he had often demanded the payment of the same and that he was the owner of the judgment by assignment to him. He then introduced testimony in proof of the facts set up in his complaint, after hearing which,

judgment was rendered in his favor for the sum of two hundred and forty-five dollars and seventy-five cents and nineteen dollars and twenty-five cents costs of the old judgment and the costs of the action then pending, amounting to three dollars and thirty-three cents. From this judgment the defendant took an appeal to the circuit court of Wetzel County and there, on the 26th day of January, 1900, the court entered the following order: "This day came the defendant by his attorney as well as the plaintiff by his attorney and the defendant now here moves the court to dismiss this preceeding or suit and the court heard the argument of counsel and the said motion being maturely considered the court is of the opinion that said motion is well taken and doth sustain the same and order that this suit or proceeding be and the same is hereby dismissed without prejudice and the defendant recover his costs and that execution may issue to which action of the court the plaintiff objects and excepts." To this judgment or order a writ of error was allowed by this Court.

From the petition for the writ of error and briefs, it appears that the circuit court took the view that the purpose of said action was, not to recover a judgment upon the old judgment, but to revive the same and have execution issued thereon; and the argument upon that proposition is based upon the language of the summons, which commands that the defendant be summoned to appear before the justice "to answer the complaint of D. R. Meighen assignee of T. H. Rinehart, in a civil action for the recovery of money due on a judgment on the docket of J. A. Connelly late a justice, to show cause why said judgment should not revive and be re-entered and execution issue thereon, in which the plaintiff will demand judgment for one hundred and sixty-two dollars and —— cents exclusive of interest and costs."

It is deemed unnecessary to inquire here whether a justice of the peace has jurisdiction to revive a judgment upon a *scire facias*, under the provision of sections 10 and 11 of chapter 139, of the Code. An action upon the judgment has the effect of reviving it. At common law, an action of debt upon a judgment was the only method of reviving known until the statute of Westminster 2, 13 Ed. 1, gave for that purpose the writ of *scire facias*. 3 Blk. 421. The right to sue upon the judgment was

not taken away by the granting of that writ. It still exists and a judgment may form the basis of a civil action before a justice of the peace under chapter 50 of the Code. Section 49 of that chapter declares that the forms of action now existing shall not apply to justices's courts and that there shall hereafter be but one form of action in such courts, which shall be denominated a civil action. Section 8 gives the justice jurisdiction as to all civil actions for the recovery of money or the possession of property, including actions in which damages are claimed as compensation for an injury or a wrong, in which the amount of money or damages or the value of property claimed does not exceed three hundred dollars, subject to a few exceptions contained in said chapter. Section 52 specifically mentions demands in action founded on judgment as being cognizable in justices's courts. It is not denied by counsel for the defendant in error that such an action may be maintained in a justice's court, but he denies that the justice has jurisdiction to revive a judgment by *scire facias* and insists that the purpose of this action as disclosed by the summons is to revive the judgment, and not to recover a new judgment upon the old one.

Judge Holt, one of the judges who delivered opinions in *O'Connell* v. *Dils,* 43 W. Va. 55, says: "The main purpose of the summons is to bring the parties together, and then the pleadings pro and con commence, for the statute provides for their coming together and beginning the suit without any summons (section 19), and the function of the summons is for the most part accomplished, entirely accomplished, so far as relates to the statement of the cause of action. Then and there the plaintiff, in his complaint states in a brief and direct manner the facts constituting the cause of action, giving no name to his complaint, either in contract or in tort, leaving it for the justice to give it such name or classification as he may see fit, provided he gives him a proper judgment, impliedly containing the concrete point of law which springs up out of the fact alleged and proved." He goes on to say in substance that if there is any mistake in the summons in the designation of the cause of action it may be corrected in the complaint. Judge Dent, in the same case, maintains the same view, expressing it in different terms. That proposition was made the basis of the decision in that case. Here it will be noted that the

defendant made a general appearance and agreed to a continuance of the case for one week. Unless the summons is void, by this general appearance and agreeing to the continuance, the defendant put himself into court and could thereafter take no advantage of any defect in the writ. See *Bank of the Valley* v. *Bank of the Berkeley,* 3 W. Va. 386; *Mahony* v. *Kephart,* 15 W. Va. 619; *Lane* v. *O. R. R. Co.,* 35 W. Va. 438; *Blankenship* v. *K. & M. Ry. Co.,* 43 W. Va. 135; *Fouse* v. *Vandervort,* 30 W. Va. 327; *Morse* v. *Rector,* 44 W. Va. 202. In addition to that he has taken an appeal in the case and this Court has held in *Thorn* v. *Thorn,* 47 W. Va. 4, that an appeal by a party to the cause in the justices's court operates as a general appearance in the appellate court, and gives that court jurisdiction of the person of the appellant, and as a general rule the irregularities in the proceedings before the justice are waived by an appeal.

The summons is in the form prescribed by the Code except the insertion therein of the words, "To show cause why said judgment should not revive and be re-entered and execution issue thereon." The requisites as to form laid down in section 26 of chapter 50 are found in the summons in this case, except that in lieu of the word "contract" the words "a judgment" are inserted and this is a substantial compliance with that requirement. It cannot be said that the summons is insufficient by reason of the omission of any essential requirement of the statute. That section further provides that "No summons shall be quashed or set aside for any defect therein if it be sufficient on its face to show what is intended thereby." If we reject the words "To show cause why said judgment should not be revived and be re-entered and execution issue thereon," it appears from the summons that the purpose of the plaintiff is to obtain a judgment against the defendant and nothing else, and that judgment is to be based upon his former judgment as the evidence of the plaintiff's demand. Without rejecting these words, it still appears unquestionably that one object or purpose of the plaintiff is to obtain such a judgment. Supposing that the defendant might infer from the language of the phrase, to which attention has been directed, that the plaintiff had the further intention of reviving and taking execution upon the old judgment, it could only be said that the summons discloses two purposes in reference to the same demand. Under the decisions

of this Court to which reference has been made, the part of the summons now under discussion would have to be treated as pleading and thus the plaintiff would have the right to amend it. Hence, the only objection to it being that it contains too much, not that it omits any essential requirement, it would not be void but only irregular; and the defendant having appeared generally in response to it, and, after judgment, having taken an appeal, it was too late to make his objection to the summons in the appellate court. It had performed its mission in bringing him into the justice's court. From that time the action proceeded upon a formal complaint filed by the plaintiff presenting one purpose only and that consistent with one of the purposes disclosed by the summons.

The legal effect of the order made in the circuit court is to reverse and set aside the judgment of the justice and dismiss the plaintiff's action. For the reasons hereinbefore stated the circuit court erred in doing so. Therefore, its judgment must be reversed, and the cause remanded to the circuit court of Wetzel County for further proceedings upon the appeal.

*Reversed.*