57   347
61   135

# CHARLESTON

### Longacre Colliery Co. v. Creel.

Submitted February 28, 1905.   Decided March 14, 1905.

1. Actions Before Justices—*Amount in Controversy—Appeal.*
    Where, in an action before a justice, the plaintiff's claim is wholly disallowed, and judgment is rendered against him on a demand of the defendant, the amount which determines appellate jurisdiction is the sum claimed by the plaintiff in his summons plus the amount of the judgment against him. (p. 349.)

2. Actions before Justices—*Pleadings Therein.*

    If, in an action brought before a justice, there appears to be no pleadings or accounts, of any kind, filed, either before the justice or in the circuit court, and a recovery is taken against the plaintiff in favor of the defendant for a certain sum, the judgment will be reversed, and the case remanded for proper pleadings to be filed therein, and to be properly heard and determined. (p. 350.)

3. Action Before Justice—*Pleadings on Which to Base Judgment.*

    In an action before a justice, to justify a recovery in favor of the defendant, there must be some account or claim filed by him, upon which to base such recovery. (p. 351.)

Error to Circuit Court, Kanawha County.

Action by Longacre Colliery Company against T. M. Creel. Judgment for plaintiff before a justice was reversed on appeal, and plaintiff brings error.

*Reversed.*

Berkeley Minor, Jr., and Payne & Payne, for plaintiff in error.

John C. Thomas and J. W. Kennedy, for defendants in error.

Sanders, Judge:

On the 14th day of August, 1901, the plaintiff brought an action before a justice of the peace against the defendant, for the recovery of $100.00, claimed to be due on contract. The case was tried on the 6th day of September, 1901, and, on the next day, judgment was rendered in favor of the plaintiff for the sum of $81.87. The defendant appealed from the judgment of the justice to the circuit court, and, on the 18th day of December, 1903, judgment was rendered in favor of the defendant for $63.05, and the plaintiff has brought the case here on writ of error. I find copied into the record an account in favor of the plaintiff and against the defendant, showing a balance of $78.45, claimed by the plaintiff, and also an account showing a balance of $63.05, in favor of the defendant against the plaintiff, but there is nothing in the transcript of the justice, or the record made in the circuit court, to show how either of these accounts got into the record of this case. There is nothing in the record to show that they were filed, or, in any way made part of the record.

The record also fails to show the filing of a complaint by the plaintiff, or an answer by the defendant, either oral or in writing. The first question involved is, has this Court jurisdiction? The amount claimed by the plaintiff in his summons or pleading, as to him, determines the amount on appeal; but where the defendant seeks an appeal, the amount of the judgment rendered against him determines the jurisdiction, and not the amount sought to be recovered by the plaintiff. But a different rule applies where offsets or claims are made by the defendant. Then the amount to be looked to, to ascertain whether this Court has jurisdiction, is the amount claimed by the plaintiff, and, if his claim has been wholly disallowed, and a recovery taken against him in favor of the defendant, to also add to the amount claimed by the plaintiff in his summons the amount of the judgment rendered against him in favor of the defendant. Applying this rule to this case, we find the plaintiff claims in his summons $100.00, and the account in his favor, which we find in the record, claims a balance of $78. 45; but this account not having been filed, and no mention being made of it in the record, we must look to the summons to determine the amount of the plaintiff's claim; and this claim, having been wholly disallowed, and a judgment rendered in favor of the defendant for the sum of $63.05, makes the amount in controversy, as to the plaintiff, $163.05. "Where the plaintiff appeals in a controversy merely pecuniary, not what he recovers, but what he claims in his declaration or bill determines the amount on appeal; but where the defendant appeals, it is not the sum sought to be recovered from him, but the sum recovered that tests the jurisdiction." *Faulconer* v. *Stinson*, 44 W. Va. 546. And, on this question of jurisdiction see *Arnold* v. *Lewis County Court*, 38 W. Va. 142. *Machine Works* v. *Craig*, 18 W. Va. 559; *Dickey* v. *Smith*, 42 W. Va. 805; *Richmond* v. *Henderson*, 48 W. Va. 389; *Stewart* v. *B. & O. R. Co.*, 33 W. Va. 88; 1 Ency. Pl. & Pr. 731-732; 1 Barton Law Pr. 46. "It makes no difference that the claim of the plaintiff in his declaration or that of the defendant in his plea or set-off is found, in the end, not sustained by the evidence to the amount claimed, or for anything. This is a subsequent question, not pertinent to the jurisdiction of the appeal. That is a question which the appellate

court will proceed to inquire into after it has determined that it has jurisdiction to inquire." *Faulconer* v. *Stinson*, *supra.*

As will be noted from the statement made, this case is without pleadings. Section 50, chapter , 50, of the Code, provides for the rules of procedure before justices, as follows: "The pleadings in these courts are, first, the complaint by the plaintiff; second, the answer by the defendant." "The pleadings may be oral or in writing; if oral, the substance of them shall be entered by the justice in his docket; if in writing they shall be filed by him and a reference to them be made in the docket. In either case if the parties appear and the defendant make a defense they shall be made up on the return day of the summons, unless good cause be shown to the contrary."

While pleadings before justices of the peace are informal, and the same strictness is not required as in courts of record, yet, before a case can be properly tried, there should be something before the justice by which the conflicting claims of the parties can be determined. In this case there was no complaint, no pleadings made up, and no issue to be tried, either before the justice of the peace or in the circuit court. "A judgment is the conclusion of law from the pleadings and evidence, and, if there are no pleadings, on which to found a judgment, there can be no judgment." *Morse* v. *Rector*, 44 W. Va. 202; and in the case of *Riely* v. *Jarvis*, 43 W. Va. 43, JUDGE BRANNON says: "When the circuit court came to enter judgment on the verdict, if it had looked back on the whole record, it would have seen that that verdict stood on evidence without pleading to support it, and so it could not give judgment for the plaintiff, but ought either to give judgment for defendants *non obstante veredicto*, because no case was proven against defendants on the pleadings, or award a new trial to let the plaintiff restore his count to receive that evidence." And, on page 46, he says: "Though you have ever so strong a case for recovery under the evidence, you cannot recover without a declaration to admit that evidence."

It may be said that the summons could have been treated as a complaint, because it demands the recovery of a certain sum of money, due on contract, and, in the case of *O'Connor* v. *Dills*, 43 W. Va. 56, this view is sustained, wherein the

Court says:   "Then all that follows after the words, 'civil action,' in the summons, to-wit, 'for money due on contract,' or 'for damages for a wrong,' is a statement of the cause of action, and is, therefore, pleading to that extent, and hence would be amendable."     But, even if it should have been treated as the complaint of the plaintiff, still, upon the trial in the circuit court, the plaintiff's claim was wholly disallowed, and a judgment rendered in favor of the defendant, without any pleading or claim whatsoever upon which to base it.

In order for the defendant to have taken a recovery, there should have been some account or claim filed by him, upon which to base it.   He is entitled, under the statute, to file an off-set, which, when done, is treated as an action brought by him against the plaintiff; but would certainly have no more right to recover against the plaintiff without doing so than the plaintiff would have to take a recovery against him withhout suit.

For these reasons, the judgment of the circuit court is erroneous; the same is reversed, and this case is remanded to the circuit court, in order that proper pleadings may be filed therein, and the case properly heard and determined.

*Reversed.*