# CHARLESTON

## LEACHMAN & DAWKINS *v.* YOUNG.

Submitted November 17, 1908.    Decided December 22, 1908.

1. JUSTICES OF THE PEACE—*Judgment*—*Validity.*

   A justices's judgment is not void only because it does not appear by his record that the defendant was a resident of his county. (p. 652.)

2. SAME—*Pleading*—*Complaint.*

   A memorandum filed by the plaintiff with a justice for suit says that the suit is for "Money due on contract—amount $125.00." The summons says that the action is "For the recovery of money due on contract," claiming judgment for $125.00. The justice's docket states the action to be "For $125.00, money due on contract." There is no other complaint. The judgment is not void for want of a complaint, and is a lien on land. (p. 653.)

Appeal from Circuit Court, Kanawha County.

Suit by Leachman & Dawkins against Albert Young and others. Decree for plaintiff. Defendants appeal.

*Affirmed.*

A. M. PRICHARD, for appellants.

BROWN, JACKSON & KNIGHT and FERGUSON & ELLISON, for appellee.

BRANNON, JUDGE:

Leachman & Dawkins brought a chancery suit against Albert Young and others in the circuit court of Kanawha county seeking to enforce against real estate of Young the lien of a judgment before a justice of Kanawha county against Young. Young filed an answer contesting its lien and setting up as a defense against the judgment: (1) That Young was a resident of Lincoln county, not of Kanawha, at the time the action before the justice of Kanawha was commended. (2) That there was no complaint before the justice. (3) That the return of the justice's summons was made by a special constable and not verified. A decree was made to sell the property.

It is contended that the justice's record must show that the

defendant is a resident of his county. The officer's return shows that the summons was served at his usual place of abode in Kanawha county. We do not think it can be shown in another suit, in a collateral proceeding, so as to render the judgment void, where jurisdiction so appears in the justice's record. *McClung* v. *Rader*, 47 W. Va. 150; *Talbot* v. *Oil Co.*, 60 *Id.* 423.

As to the defence that there was no complaint before the justice. By the provision of the Code, chapter 50, section 19, "Actions before justices are commenced by a summons." Therefore, when the summons issued it brought into being an action. The action was of that nature giving jurisdiction to the justice. The summons required the defendant to appear "to answer complaint of J. C. Leachman and John Dawkins, partners under the firm of Leachman & Dawkins, in a civil action for the recovery of money due on contract in which the plaintiff will demand judgment for $125.00, with interest and costs according to law." The justice's docket shows the issue of the summons and says that the action was, "For $125.00 money due on contract," but no further statement as to the nature of the demand. The plaintiff filed with the justice a written memorandum to bring an action "for money due on contract—amount $125.00," and on this the summons issued. There was no complaint, and the claim is that as there can be no judgment without pleading in courts, this judgment is utterly void for want of complaint, and that too in this collateral proceeding. Now, I have said that the justice had jurisdiction of an action and of the person. The defect is simply want of pleading, not a total want, but a partial want. A complaint would make the statement of the cause of action more specific and definite, it is true; but the memorandum for suit, the summons and the statement on the justice's docket to an extent state the nature of the cause of action by saying that it is " for the recovery of money due on contract." A very general statement, it is true; but it tells the defendant that the plaintiff's demand arises out of contract, though it does not state what kind of a contract or state its circumstances. Now, JUDGE Cox, in *Grant* v. *Wyatt*, 61 W. Va., p. 135, states that, "So much of the summons as states a cause of action is to be considered as a part of the complaint." That is, that it

operates as a complaint. He cited several cases. One, *O'Connor* v. *Dills*, 43 W. Va. 56, holding that the words "for money due on contract" are a statement of the cause of action, and are to that extent a pleading. In *Meighan* v. *Williams*, 50 W. Va. 65, a summons is held to be a pleading to the extent it-goes. This summons told the defendant how much was in demand. So far as the summons states the cause of action, a complaint would do no more —would only be more specific. Under these circumstances can we say that the judgment is as if there were no basis for it? It is in a regular action. Is it not a mere case of bad, but not void, pleading? Is a judgment on a bad declaration void? It is correctable by appeal, but not void in a collateral proceeding. A reversible judgment is surely a lien, good in a collateral suit. *Turner* v. *Stewart*, 51 W. Va. 493; *First Bank* v. *Huntington*, 41 *Id.* 530. The summons called Young into Court. He could have demanded a complaint, if wanting further information. We believe that frequently there is a failure to file complaint. Such practice is very prevalent, has been for years; and if we would hold this judgment void it would annul hundreds of judgments.

As to the return of the special constable, we do not know any statute requiring it to be verified.

It is assigned for error that the property was not rented by the decree, instead of being decreed to be sold. J. F. Brown was owner of the vendor's lien, having priority over this judgment and by answer asked that it be provided for in the case, and his debt was decreed against the property as a priority over the judgment. He could not be postponed on a vendor's lien for five years.

Seeing no error in the decree we affirm it.

*Affirmed.*