# CHARLESTON.

## AVERILL *v.* BOYER.

Submitted January 25, 1910. ·Decided May 9, 1911.

1. JUSTICES OF THE PEACE—*Appeal—Pleading.*
   If plaintiff's account, filed with a justice of the peace, is suffi-
   cient to inform defendant of the nature and amount of his claim,
   it is not error for the trial court, on appeal, to refuse a motion
   by defendant to require plaintiff either to file a written declara-
   tion of his claim, or to amend his bill of particulars. (p. 397).

2. FRAUD—STATUTE OF—*Oral Agreement—Exchange of Land—Re-
   covery of Consideration.*
   The statute of frauds will not avail to defeat an action on a
   money demand growing out of, or constituting a part of the con-
   sideration for, an oral agreement for the exchange of lands, after
   deeds have passed. (p. 398).

Error to Circuit Court, Kanawha County.

Action by Mary J. Averill against Lula D. Boyer. Judgment
for plaintiff, and defendant brings error.

*Affirmed.*

*W. S. Laidley,* for plaintiff in error.

*Everett F. Robertson* and *Littlepage, Cato & Bledsoe,* for
defendant in error.

WILLIAMS, PRESIDENT:

This suit was originally brought before a justice of the peace
to recover money on contract for exchange of lands. Appeal
was taken from the judgment of the justice to the intermediate
court of Kanawha county. The case was there tried by a jury
and a verdict and judgment obtained by plaintiff for $282.22.
Defendant was denied a writ of error by the circuit court of
Kanawha county, and then obtained one from this Court. The
verdict rests upon conflicting oral testimony, as to the weight
of which the jury are the sole judges; and, unless it is contrary
to the evidence, or clearly against the great weight of evidence,
we cannot disturb it.

The testimony of plaintiff and of her witnesses tends to
prove that about the last of August, 1906, plaintiff and de-

fendant made an agreement whereby plaintiff was to convey a small farm, located at Lock No. 5 in Kanawha county, and pay $2,500.00 cash to boot, in exchange for two houses and lots in the City of Charleston; that shortly after this agreement was made plaintiff ascertained that she could not pay the $2,500 cash, and the original contract was then modified to the extent that plaintiff was to exchange her farm for one of said houses and lots, the one on Morris street in the City of Charleston, and defendant was to pay plaintiff $1,000 boot in cash; that shortly after this, the contract was again modified to the extent that plaintiff agreed to take from defendant a vacant lot in the City of Charleston in lieu of the $1,000 in cash; that at the time the contract was first made it was agreed that plaintiff should deliver immediate possession of her farm to defendant, and that defendant should collect the rent for the house on Morris street under a lease made by her to a certain tenant, prior to the first agreement, and should account to plaintiff for such rent from the first day of September, 1906, thereby giving plaintiff constructive possession of the house and lot; that plaintiff turned over possession of the farm to defendant the last of August, 1906, and that defendant immediately leased the same to one Harless by written contract for the period of one year, beginning January 1, 1907, and ending January 1, 1908, in consideration of one-half of the crops to be raised on the farm. It is proven that Harless took possession of the farm the first of September, 1906, but that he paid defendant no rent for the remainder of that year. Defendant collected the rent from the Morris street property, $40.00 per month, from the first of September, 1906, until the first of June, 1907, and refused to account to plaintiff for it. This suit is to recover that rent money, less certain credits admitted to be due defendant.

There were no formal pleadings before the justice of the peace, but plaintiff's claim then filed designates it as "Nine Months Rent, beginning Sep. 1st, 1906, property, at $40.00 per month ......$360.00." The account is credited with taxes $54.78, and money paid out for obtaining release deeds, $25.00, thus leaving a balance of $280.22.

The court overruled defendant's motion to require plaintiff to file her declaration, or complaint, setting forth her cause of action, and defendant excepted. This was not error. The

pleadings in a justice's court are informal, and may be either oral or in writing. Sec. 50, ch. 50, Code 1906. *O'Connor v. Dils,* 43 W. Va. 54; *White* v. *Emblem, Id.* 819; *Poole* v. *Dilworth,* 26 W. Va. 583. Subsection VIII. of said section 50 is as follows: "In an action or defence founded upon an account, note, or other writing for the payment of money, it shall be sufficient for the party to deliver the account, note, or other writing to the justice and to state that there is due to him thereon from the adverse party a specific sum, which he claims to recover or set-off in the action." *Mt'n City Mill Co.* v. *Southern,* 46 W. Va. 754. The trial judge did not abuse his discretion in refusing to require plaintiff to file a declaration of her claim, or an amended bill of particulars; such amendment was not necessary to promote substantial justice. Sec. 169, ch. 50, Code 1906. *Drinkard* v. *Heptinstall,* 55 W. Va. 320; *Simpkins* v. *White,* 43 W. Va. 125. The account filed before the justice was sufficient to advise defendant fully of the nature of plaintiff's demand. The fact that the account states that the money was due for "rent" does not necessarily imply a lease by plaintiff to defendant. It is rent money which, according to plaintiff's proof, defendant had collected as the agent of plaintiff.

Defendant twice moved the court to direct a verdict in her favor, once after plaintiff had given her testimony, and again after plaintiff had closed her case. These motions were overruled, and exceptions taken. These motions were properly overruled, because plaintiff's testimony made out a good cause of action. But, even if there had been merit in these motions, defendant waived them by subsequently introducing her own evidence and suffering the case to go to the jury upon the evidence introduced on both sides. *Williams & Davisson* v. *Ferguson Contracting Co.,* 60 W. Va. 428, and cases cited in opinion at page 431.

The statute of frauds is relied on as a defence, but we cannot see that it has any application. It matters not whether the contract to exchange lands was oral or in writing; it was finally consummated, in May, 1907, by an exchange of deeds. Moreover, this is not a suit for specific performance of a contract for sale of land; but it is an action for money which plaintiff claims was received by defendant for plaintiff's use, pursuant to an agreement fully executed by plaintiff, according to her

evidence.   Plaintiff's right to recover does not depend upon. the time when the deeds were exchanged, but upon the agreement as to the time when she should be entitled to the rent for the Morris street property, which she testifies defendant had agreed to collect and turn over to her.   It did not require a writing to constitute a valid assignment of the rent reserved; and plaintiff's evidence tends to prove that the rent from the Morris street property was to go to her after September 1, 1906, in lieu of the possession of the farm which plaintiff says she turned over to defendant the 1st of September, 1906.  Actual possession of the Morris street property could not be delivered on the 1st of September, 1906, because of the existence of the lease made by defendant prior to the land trade, and to run for several months.   The fact that defendant charged no rent, and collected none, for the occupancy of the farm between September 1, 1906, and January 1, 1907, does not affect the case; the surrendering of possession of the farm by plaintiff was a sufficient consideration to support defendant's promise to account to her for the rent to accrue from the Morris street property.

It is not material that the contract, as originally made, was not fully carried out.   The subsequent modifications of it do not relate to the questions of possession of the farm, and rent from the Morris street property.   The suit having been brought originally before a justice of the peace, and there being no formal pleadings, it may very properly be regarded as an action in *assumpsit,* either for money had and received to plaintiff's use, or for money due on contract fully executed by plaintiff.

Shortly after the agreement for the exchange of lands was made defendant employed counsel to investigate plaintiff's title; it was discovered that there was an unreleased lien upon it, and defendant employed counsel, on her own account, to obtain proper releases, which he did.   Defendant also paid certain taxes for plaintiff.  These items aggregate $79.78, and are admittedly proper credits, or set-offs; they reduce plaintiff's demand to the jurisdictional amount in a justice's court.

The evidence upon some matters is very conflicting, but as to the credibility of witnesses the jury are the sole judges; they had a right to believe some witnesses rather than. others, wherein their testimony conflicted.   We cannot say the jury were

wrong in finding for plaintiff; and the judgment of the intermediate court of Kanawha county will be affirmed. ·

*Affirmed.*