# CHARLESTON

TOWNSEND V. BRUSHY RUN LUMBER COMPANY.

Submitted September 22, 1914.   Decided October 6, 1914.

1. EVIDENCE—*Burden of Proof—Counterclaim.*
   Credit for a counter claim is properly refused by a jury, where there is no evidence of the validity or correctness of the account relied on. (p. 49).

2. JUSTICES OF THE PEACE—*Appeal—Assignment of Claim.*
   Notwithstanding assignment by plaintiff of his claim, after judgment thereon in his favor before a justice, the action, upon appeal by defendant, may still be prosecuted in the circuit court in the name of the assignor. (p. 49).

3. APPEAL AND ERROR—*Record—Justice's Court.*
   The judgment of a circuit court in a case appealed from a justice will not be reversed for failure of the record to disclose entry of a plea and joinder of issue thereon. (p. 50).

4. JUSTICES OF THE PEACE—*Review of Proceedings—Harmless Error.*
   If the account filed by plaintiff with a justice, and fully proved in the circuit court on appeal, is sufficient to inform defendant of the nature and amount of the claim sued on, the judgment of the circuit court will not be reversed on writ of error solely because of plaintiff's failure to file a formal complaint, where it appears defendant could not have been prejudiced by the omission and did not demand such complaint or object because of failure to file it. (p. 50).

Error to Circuit Court, Pocahontas County.

Action by John P. Townsend against Brushy Run Lumber Company. Judgment for plaintiff, and defendant brings error.                                          *Affirmed.*

*Price, Osenton & Horan,* for plaintiff in error.

*F. R. Hill* and *L. M. McClintic,* for defendant in error.

LYNCH, JUDGE:

Upon a trial before a justice, and before the circuit court on appeal, Townsend recovered judgment against the Brushy Run Lumber Company, the reversal of which it seeks on writ of error.

Townsend agreed to haul logs for the company, pursuant to the terms and conditions and for the consideration stated in a written contract entered into and signed by both of them. After partial performance of the work undertaken, he, with the consent of the company, substituted in his stead W. A. and G. P. McCray, who agreed to complete the work under the original agreement. At the same time, and by like consent, the provision of the contract which authorized the company to retain twenty-five per cent of the payments due monthly as a guaranty for full performance of the work was amended so as to recognize the right of the McCrays to finish the hauling and to permit the further retention by the company of the money then due Townsend until the McCrays had finally completed the work, when, according to the clause added, the company agreed "to pay all the money that is in their hands in the shape of a guaranty fund to Mr. Townsend for the work he did up to the time the credit of the work is transferred to McCray Brothers, and when this is done as outlined in said contract and guaranty fund paid this contract shall be cancelled and of no further effect".

To recover the money earned by him and retained by the company as such indemnity, plaintiff sued, after the Mc-Crays had fully complied with the terms of the original agreement, claiming as due him from the company the sum of $298.34, and for which he obtained judgment. The company denies any indebtedness from it to him. That the contract was fully complied with and the work therein provided for entirely completed, defendant concedes. But it seeks to defeat recovery on the ground that, before completion, the McCrays had received payments and credits in excess of the amount due him, including that retained by it earned by Townsend before the McCrays undertook to complete his agreement.

As grounds for reversal, in addition to the rulings on the

usual formal motions, defendant relies on what it claims to be an erroneous instruction given for plaintiff and a correct instruction for it which the court refused; the failure of the jury to give it credit for $146.74; "store bill for November, 1909", which it claims was inadvertently omitted from its account; Townsend's assignment of the account; and, upon argument, on the further ground that the case was tried, both before the justice and in the circuit court, without a formal complaint by plaintiff or plea by defendant.

It is evident that the instruction of which defendant complains was intended to construe the clause amending the contract. In effect, it told the jury that, if the McCrays completed the work provided for in the original contract, Townsend then became entitled to the money due for the work done by him under the original agreement, and that the burden rested upon him to show the amount so due. As thus interpreted, the instruction was manifestly correct. Because, as seems apparent, Townsend's right to the fund in the hands of the company was made to depend, not upon any default in payment of any indebtedness incurred by the McCrays to the company or any other person, but upon their full and final completion of the work provided for in the original agreement. The work having been satisfactorily completed, Townsend had a clear right to demand and sue for the fund so retained by the company. And it is equally evident the instruction asked by defendant, and refused by the court, was not correct; because of its misconstruction of the clause referred to.

Nor can we reverse the judgment on the further ground that the jury failed to allow credit for the November account. Its finding is conclusive. That account and the testimony touching it the jury considered, no doubt, and reached the conclusion that it was not a proper credit against plaintiff's claim. And its conclusion was clearly not erroneous; because the only witness examined on behalf of defendant was apparently unwilling to say the account was correct. Indeed, he admitted lack of information or knowledge of the validity of the credit.

While Townsend admits the assignment to Richardson of the account sued for, the proof does not show definitely when

the assignment was made; although, as the action was origin-
ally instituted in his name as plaintiff, the inference is reas-
onable that Townsend assigned the claim after its reduction
to judgment before the justice. If so, then *Watkins* v. *An-
golti*, 65 W. Va. 193, and *Garber* v. *Blatchley*, 51 W. Va. 147,
sustain the right of assignee to prosecute the action to final
judgment in the name of his assignor, the original plaintiff,
upon defendant's appeal from the judgment of the justice.
The case last cited holds that "a *pendente lite* purchaser of
a judgment rendered by a justice may continue to prosecute
the claim in the circuit court in the name of his assignor, the
plaintiff, when appealed to that court by the defendant".

While the record does not show entry of any plea, yet the
jury were sworn to "try the issue joined between the parties
and a true verdict render according to the evidence". But,
as the effect of defendant's failure to plead was discussed,
and held not ground for reversal in the appellate court, in
*Note Co.* v. *Shrader*, 70 W. Va. 475; *Tully* v. *Despard*, 31 W.
Va. 370; *Simpkins* v. *White*, 43 W. Va. 125, and *White* v.
*Emblem, Ib.* 819, no further comment need be made.

Nor is there substantial merit in the contention based on
plaintiff's failure to file a formal complaint before the justice
or in the circuit court. Evidently, defendant was not, and
could not have been, prejudiced by such omission. It pro-
duced the account, showing all the items of the transaction
from its beginning to the final consummation. Indeed, it
kept it in the name of Townsend, who relied solely upon the
account thus kept and produced. He had none to file, and
filed none other than that so furnished. The defendant, with
full knowledge of each item of the account and of plaintiff's
claim for the money retained by it, did not even demand the
filing of a complaint, or object to the prosecution of the action
before the justice or in the circuit court without it, or assign
as ground for a new trial the want of it. For the first time,
it has raised the question here. Surely an appellate court
ought not, upon grounds so trivial and technical, remand for
new trial a case originating before a justice, wherein plaintiff
in error has had two trials, both fair and impartial so far as
appears, in each of which a judgment was obtained against

it. And, as we view our decisions, there is no warrant for
such reversal. When properly construed and understood,
*Riley* v. *Jarvis,* 43 W. Va. 43; *Morse* v. *Rector,* 44 W. Va. 202;
*Colliery Co.* v. *Creel,* 57 W. Va. 350, confirm, rather than an-
tagonize, the propriety of the refusal to grant relief. In the
first case, the action was begun in the circuit court, where
formal pleadings are indispensable; and the judgment was
reversed because of variance between the proof and the aver-
ments of the declaration. In the Morse case, the record fail-
ed to show pleadings, or proof, or the accounts involved.
For lack of these essentials, no conclusion as to the merits
of the case could be formed. Likewise, in the third case no
account was filed by either party, nothing to show the mat-
ters in difference between them, nothing on which to base a
judgment. But none of these defects appear here. An ac-
count was filed, as to which evidence was introduced for and
against the validity of plaintiff's claim, and his right to re-
covery urged on his part and contested by defendant. But
*O'Connor* v. *Dils,* 43 W. Va. 54, cited and approved in the
Creel case, lends favorable coloring to the views herein ex-
pressed. In the opinion, Judge BRANNON says: "All that
follows after the words 'civil action' in the summons, to-wit,
'money due on contract', is a statement of the cause of action,
and is therefore a pleading''. See also *Grant* v. *White,* 61
W. Va. 134; *Oppenheimer* v. *Gas Co.,* 62 W. Va. 112; *Leach-
man* v. *Young,* 64 W. Va. 654; *Bank* v. *Bee,* 82 W. Va. 460;
*White* v. *Emblem, supra,* wherein the statement quoted from
*O'Connor* v. *Dils* is approved; and especially *Averill* v. *Boyer,*
69 W. Va. 396, holding: "If plaintiff's account, filed with a
justice of the peace, is sufficient to inform defendant of the
nature and amount of his claim, it is not error for the trial
court, on appeal, to refuse a motion by defendant to require
plaintiff either to file a written declaration of his claim or
to amend his bill of particulars". While the summons issued
by the justice does not appear in the record, defendant ap-
peared in response to its command, and vigorously contested
plaintiff's right to a judgment against it.

The ruling on defendant's other motions we fully approve.
Judgment affirmed.

*Affirmed.*