# CHARLESTON.

L. W. BRECHT *et al. v.* THE BANKERS SECURITY COMPANY

(No. 5516)

Submitted April 20, 1926.  Decided April 27, 1926.

JUDGMENT—*In Action by Borrowers Against Lender of Money Who Was Secured by Conveyance of Furniture to Trustee, for Paying Seller of Furniture Part of Purchase Price Contrary to Plaintiff's Directions, on Uncontroverted Proof That Plaintiffs Were Indebted to Defendants in Excess of Their Claim, Entering Judgment for Plaintiff Was Error.*

A case in which the trial court improperly entered judgment upon a verdict in favor of the plaintiffs, the uncontroverted proof showing that the plaintiffs were indebted to the defendant for an amount in excess of their claim.

(Judgments, 33 C. J. § 106.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Kanawha County.

Action by L. W. Brecht and wife against the Bankers' Security Company, begun before justice of the peace. On appeal from the justice, the circuit court rendered judgment for the plaintiffs, and defendant brings error.

*Reversed and remanded.*

*J. Raymond Gordon,* for plaintiff in error.
*Whitt & Life,* for defendants in error.

LITZ, PRESIDENT:

The defendant, Bankers Security Company, a corporation, prosecutes error to judgment of the circuit court upon a verdict of the jury against it in favor of plaintiffs, L. W. Brecht and Myrtle Brecht, his wife, for $135.00, in an action tried on appeal from a justice.

The plaintiffs having purchased from A. E. Fisher certain household furniture for $500.00, obtained from the defendant a loan to pay the purchase price. By deed dated July 29, 1924, the plaintiffs conveyed the furniture to W. L. Poling, Trustee, to secure the repayment of the loan at the rate of $45.00 per month. At the request of plaintiffs the defendant applied all of the loan, except about $150.00, to the discharge of certain claims against the furniture and to the payment of the purchase price to Fisher. Later, when a creditor of Fisher attached the property, the defendant was forbidden by the plaintiffs (as they claim) to pay Fisher any more of the purchase price. The defendant having subsequently paid to Fisher the balance of the loan, this action was instituted to recover the amount so paid because, as it seems, the furniture was sold in the attachment proceeding as the property of Fisher.

Assuming that the defendant without authority, paid Fisher out of the loan an amount equal to or greater than the verdict, plaintiffs were not entitled to recover for the reason that more than this sum was at the time of the trial due to defendant by the plaintiffs for monthly payments in arrears on the loan.

The judgment of the justice recites that the case was heard upon the complaint of plaintiffs and the answer of the defendant, and the order of the circuit court states that the jury was sworn to try the issue joined between the parties; but it nowhere appears what the issue between the parties, or the answer of the defendant, was.

Although the amount due the defendant by the plaintiffs exceeds that claimed by the plaintiffs, the defendant would not be entitled to recover the difference without filing a claim or set off. *Longacre Colliery Company* v. *Creel,* 57 W. Va. 347.

The judgment of the circuit court will be reversed, the verdict of the jury set aside, and a new trial awarded defendant, in order that the case may be properly developed.

*Reversed and remanded.*